In the Matter of STEVEN LASHWAY, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [936 NYS2d 787]—

We affirm. To the extent that petitioner challenges the evidentiary basis for the determination, the misbehavior report, the hearing testimony of both the officer involved in the incident and petitioner's inmate witness and the supporting documentation provide substantial evidence of guilt (see Matter of Argentieri v Fischer, 87 AD3d 1242, 1242 [2011]; Matter of Barnes v Prack, 87 AD3d 1216, 1216 [2011]). Petitioner's contentions that he was, instead, assaulted by correction officers and that the misbehavior report was in retaliation for griev-

ances he had submitted raised credibility questions for the Hearing Officer to resolve (*see Matter of White v Fischer*, 87 AD3d 1249, 1250 [2011]; *Matter of Barnes v Prack*, 87 AD3d at 1216-1217).

Turning to the procedural claims, petitioner first contends that his employee assistance was deficient inasmuch as only five of his requested 12 potential inmate witnesses were interviewed prior to the hearing. In response to petitioner's complaint, the Hearing Officer adjourned the hearing and instructed the assistant to interview all 38 inmates who were housed on the block at the time of the incident. As such, we find that any inadequacies in petitioner's assistance were remedied at the time of the hearing (*see Matter of Barnes v Bezio*, 86 AD3d 884, 885 [2011]; *Matter of Tirado v Goord*, 50 AD3d 1332, 1333 [2008]). Further, we reject petitioner's claim that the Hearing Officer failed to make a meaningful effort to determine why certain inmate witnesses refused to testify. Each instance was documented by a signed form indicating the reason for such refusal (*see Matter of Barnes v Prack*, 87 AD3d at 1217) and, in those cases in which inmates had originally agreed to testify and later refused, the Hearing Officer satisfied his obligation to make further inquiry (*see generally Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]). Finally, a review of the record demonstrates that the determination of guilt was the result of the ample evidence presented at the hearing, rather than any alleged bias on the part of the Hearing Officer (*see Matter of Polite v Fischer*, 87 AD3d 1212, 1212 [2011]).

Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Spain, J.P., Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.