In the Matter of RALPH ALICEA, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 690]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting possession of gang-related material after a search of his property revealed numerous photographs and letters containing known gang signs and terminology. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding, which was transferred to this Court.

Initially, we are unpersuaded by petitioner's contention that he received inadequate employee assistance. The record establishes that the Hearing Officer adjourned the hearing in order for the assistant to complete, among other things, her interviews with approximately 50 inmates that petitioner had listed as potential witnesses. Upon reconvening, petitioner acknowledged that the assistance was complete and that he was ready to proceed with the hearing. Moreover, any alleged inadequacies in the assistance provided was remedied at the

hearing, and petitioner has demonstrated no prejudice resulting therefrom (*see Matter of Reid v Fischer*, 80 AD3d 1035, 1035-1036 [2011]). We also find no merit to petitioner's claim that the determination of guilt resulted from hearing officer bias, rather than the evidence presented at the hearing. The misbehavior report, confiscated items and testimony at the hearing, including petitioner's admission that the items belonged to him, provide substantial evidence to support the determination of guilt (*see Matter of Ortiz v Fischer*, 91 AD3d 1006 [2012]).

Petitioner's remaining contentions have been examined and found to either constitute harmless error or are without merit.

Mercure, J.P., Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.