Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Sullivan *1288 Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.
While petitioner was being examined by a physician’s assistant at the correctional facility where he was incarcerated, she observed him staring at her breasts. She twice instructed him to stop engaging in such conduct, but he refused. She then directed him to leave the room and he complied. As a result of this incident, petitioner was charged in a misbehavior report with harassment and refusing a direct order. He was found guilty of the charges at the conclusion of a tier II hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (see Matter of White v Fischer, 95 AD3d 1582, 1583 [2012]; Matter of Johnson v Rock, 64 AD3d 1096, 1096 [2009], lv denied 13 NY3d 713 [2009]). Petitioner’s denial of any misconduct and claim that he is Spanish speaking and did not understand the assistant’s directives presented a credibility issue for the Hearing Officer to resolve (see Matter of Mungo v Director of Special Hous. & Inmate Disciplinary Programs, 93 AD3d 1057, 1058 [2012], appeal dismissed 19 NY3d 919 [2012]; Matter of Garcia v Bertone, 91 AD3d 1217, 1218 [2012]). Petitioner’s remaining contentions have either not been preserved for our review or are lacking in merit.
Lahtinen, J.P, Spain, McCarthy and Egan Jr., JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.