Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
*1195 Following a tier III disciplinary hearing, petitioner was found guilty of refusing a direct order, harassment and participating in a demonstration as charged in a misbehavior report. On administrative appeal, the determination was modified by, among other things, dismissing all but the charge of harassment. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.
We agree with petitioner that meaningful employee assistance was not provided in accordance with 7 NYCRR 251-4.2 in order for him to prepare a defense. Although petitioner requested that 19 potential inmate witnesses be interviewed, the record reveals no effort by the employee assistant to interview the potential inmate witnesses, who were not only identified but, according to the misbehavior report, were present during the alleged incident. The employee assistant should have interviewed the witnesses and reported back to petitioner with the results of those efforts (see 7 NYCRR 251-4.2); moreover, the Hearing Officer made no attempt to remedy the inadequacies when petitioner raised the issue at the administrative hearing (compare Matter of Alicea v Fischer, 94 AD3d 1316, 1316 [2012], lv denied 19 NY3d 809 [2012]; Matter of Lashway v Fischer, 91 AD3d 1239, 1240 [2012], lv denied 19 NY3d 805 [2012]). The lack of adequate assistance prohibited petitioner’s ability to adequately prepare a defense (see Matter of Velasco v Selsky, 211 AD2d 953, 954 [1995]; Matter of Hendricks v State of N.Y. Dept. of Correctional Servs., 165 AD2d 923, 924 [1990]). Accordingly, the determination must be annulled.
Lahtinen, J.P., Spain, McCarthy and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner’s institutional record.