■ In the Matter of Leonard Hinton, Petitioner, v David Rock, as Superintendent of Upstate Correctional Facility, Respondent. [969 NYS2d 237]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding seeking to challenge a tier II disciplinary determination rendered after a hearing finding him guilty of interference with an employee, harassment and refusing a direct order. According to the misbehavior report, petitioner refused direct orders from a facility nurse to remove a pornographic magazine that was held up to the window of his cell, completely blocking the nurse's view of petitioner, and also to take his medication. Following petitioner's administrative appeal, the determination of guilt was affirmed and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, along with the testimony of the nurse, provide substantial evidence to support the determination of guilt (*see Matter of Fernandez v Fischer*, 105 AD3d 1287, 1288 [2013]). Although petitioner's version of events conflicted with that of the nurse, this presented a credibility question to be resolved by the Hearing Officer (*see Matter of Blocker v Hetrick*, 100 AD3d 1302, 1303 [2012]).

Turning to petitioner's remaining contentions, we find no error in the Hearing Officer's denial of petitioner's request for the facility superintendent and physician as witnesses under the circumstances (*see Matter of Lewis v Lape*, 90 AD3d 1259, 1260 [2011], *lv denied* 18 NY3d 809 [2012]). Although petitioner maintains that these witnesses were necessary to prove that he had previously submitted grievances and complaints about the nurse, the Hearing Officer offered petitioner an opportunity at the hearing to submit any grievances or letters supporting his claim of retaliation and he declined to do so. Finally, "we find no merit to petitioner's claim that he was improperly denied a videotape of the incident given that the record established that no such videotape existed" (*Matter of Davis v Prack*, 90 AD3d 1447, 1448 [2011]).

Peters, P.J., Lahtinen, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.