■ In the Matter of CHARLES C. WILLIAMS, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [7 NYS3d 731]—

Appeal from a judgment of the Supreme Court (Pritzker, J.), entered December 10, 2013 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with refusing a direct order and participating in a demonstration. Following a tier III disciplinary hearing, petitioner was found guilty of refusing a direct order, and his subsequent administrative ap-

---

peal was unsuccessful. Petitioner then commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We agree with petitioner that he was deprived of meaningful employee assistance. The record establishes that when petitioner complained of inadequate assistance, the hearing was adjourned to provide petitioner with additional employee assistance. Upon reconvening, petitioner again complained that, although the employee assistant interviewed the four witnesses he requested, the employee assistant failed to speak with the other 15 identified inmates involved in the incident. In response, the Hearing Officer stated that he, in fact, had instructed the employee assistant not to speak with those 15 inmates as the information petitioner was seeking was irrelevant to the determination. Under these circumstances, the employee assistant should have interviewed the inmates involved and reported back to petitioner with the results in order to assist petitioner in preparing an adequate defense (*see Matter of Rivera v Prack*, 122 AD3d 1226, 1228 [2014]; *Matter of Canty v Fischer*, 107 AD3d 1194, 1195 [2013]). Moreover, under these circumstances, we find that the Hearing Officer improperly interfered with and deprived petitioner of his right to employee assistance by directing the assistant not to contact 15 inmates involved in the incident on the basis that he considered the information requested to be irrelevant. Accordingly, the determination must be annulled.

Peters, P.J., Garry, Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled, and respondent is directed to expunge all references to this matter from petitioner's institutional record.