■ In the Matter of TERRY SANDERS, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [7 NYS3d 733]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As petitioner was returning to his cell from his prison job, a correction officer stopped him and questioned him about some paperwork that he was carrying. Petitioner became argumentative and the officer ordered him to stand against the wall for a pat frisk. Petitioner proceeded to strike the officer and another officer in the area, and a struggle ensued during which petitioner ignored orders to place his hands behind his back. He was thereafter charged in a misbehavior report with assaulting staff, engaging in violent conduct, creating a disturbance, interfering with an employee and refusing a direct order. He was found guilty of the charges following a tier III disciplinary hearing, and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

---

We confirm. The detailed misbehavior report and testimony of one of the officers involved in the altercation provide substantial evidence supporting the determination of guilt (*see Matter of Hinton v Rock*, 108 AD3d 952, 953 [2013]; *Matter of Owens v Fischer*, 105 AD3d 1284, 1284 [2013]). Petitioner was not improperly denied witnesses given that the individuals requested were not present during the incident and their testimony would, therefore, have been irrelevant (*see Matter of Wilson v Fischer*, 120 AD3d 1477, 1478 [2014]; *Matter of Toliver v New York State Commr. of Corr. & Community Supervision*, 114 AD3d 987, 988 [2014]). Moreover, contrary to petitioner's claim, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Harding v Prack*, 118 AD3d 1231, 1232 [2014]; *Matter of Adams v Fischer*, 116 AD3d 1269, 1270 [2014]). Furthermore, upon reviewing the record, we do not find that the gaps in the hearing transcript preclude meaningful review (*see Matter of Merritt v Fischer*, 108 AD3d 993, 994-995 [2013]; *Matter of Bookman v Fischer*, 107 AD3d 1260, 1260 [2013]). Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and are unavailing.

McCarthy, J.P., Garry, Rose and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.