*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                518844
_____

In the Matter of ALEX SHOGA,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  September 15, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____

        Alex Shoga, Pine City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

Lahtinen, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, an inmate, was charged with various disciplinary rule violations in two separate misbehavior reports. A tier III disciplinary hearing was conducted with respect to the charges contained in both reports, but the determination rendered as a result thereof was subsequently reversed and a rehearing was ordered.  An extension was granted to begin the rehearing due to the unavailability of the Hearing Officer.  At the conclusion of the rehearing, petitioner was found guilty of engaging in violent

conduct and assaulting staff.  After this determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm.  Initially, we reject petitioner's contention that the rehearing was not conducted in a timely manner in accordance with the provisions of 7 NYCRR 251-5.1.  Although the order directing the rehearing provided that it was to begin by March 7, 2013, a valid extension was obtained to commence the hearing by March 11, 2013, and it was started on that date.  In view of this, the rehearing was commenced in a timely fashion (see Matter of Castillo v Fischer, 120 AD3d 1493 [2014]; Matter of Lafranco v Fischer, 105 AD3d 1235, 1236 [2013], lv dismissed 22 NY3d 929 [2013]).

Likewise, we find no merit to petitioner's claim that he was denied adequate employee assistance.  Except for items that were confidential or nonexistent, petitioner was provided with all of the documents requested in the 23-item list that he gave to his assistant (see Matter of West v Costello, 270 AD2d 673, 674 [2000]).  Although petitioner claims that his assistant failed to conduct an investigation of witnesses who would testify in his defense, the only inmate witness requested was a porter who was not specifically identified, and it was later disclosed that all porters questioned refused to testify.  Significantly, many of the other witnesses on the list, other than those who refused or whose testimony was either confidential or irrelevant, did testify at the hearing.  In view of the foregoing, we find that petitioner was provided meaningful assistance and has not demonstrated that he was prejudiced by his assistant's alleged inadequacies (see Matter of Antinuche v Goord, 16 AD3d 743, 744 [2005]; Matter of Greene v Coombe, 242 AD2d 796, 797 [1997], lv denied 91 NY2d 803 [1997]).  We have considered petitioner's remaining contentions and find them to be unpersuasive.  Therefore, we find no reason to disturb the determination of guilt.

Peters, P.J., McCarthy and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court