■ In the Matter of DONNELL GENYARD, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [23 NYS3d 755]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner struck a correction officer while being escorted to the medication window, refused several direct orders to stop resisting and was eventually subdued when other officers arrived and he was placed in mechanical restraints. As a result of this incident, petitioner was charged in a misbehavior report with assaulting staff, refusing a direct order, engaging in violent conduct and creating a disturbance. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation and hearing testimony provide substantial evidence supporting the determination of guilt (*see Matter of Wilson v Annucci*, 129 AD3d 1422, 1422 [2015]; *Matter of Moreno v Fischer*, 100 AD3d 1167, 1167 [2012]). Petitioner maintained that he was assaulted and that the misbehavior report was written in retaliation for prior grievances that he had filed, but his testimony and that of his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Quezada v Fischer*, 113 AD3d 1004, 1004 [2014]; *Matter of Walker v Fischer*, 108 AD3d 999, 1000 [2013]). The record further discloses that petitioner's employee assistant provided meaningful assistance, and petitioner has not demonstrated that he was prejudiced by his assistant's alleged deficiencies (*see Matter of Shoga v Annucci*, 132 AD3d 1027, 1028 [2015]; *Matter of Colon v Goord*, 11 AD3d 839, 840 [2004]). Likewise, we do not find that petitioner was improperly denied the right to call a physi-

cian as a witness to testify regarding injuries suffered by the escort officer given that the physician did not examine the officer and had no personal knowledge of the incident (*see Matter of Pilet v Annucci*, 128 AD3d 1198, 1198-1199 [2015]). Contrary to petitioner's claim, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Sanders v Annucci*, 128 AD3d 1156, 1157 [2015], *appeal dismissed* 26 NY3d 964 [2015]; *Matter of McFadden v Prack*, 120 AD3d 853, 855 [2014], *lv dismissed* 24 NY3d 930 [2014], *lv denied* 24 NY3d 908 [2014]). Petitioner's remaining contentions, to the extent they are properly before us, have been examined and found to be lacking in merit.

Peters, P.J., Egan Jr., Devine and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.