*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521744
_____

In the Matter of JORDAN Y.
    CORP,
                        Petitioner,

            v                                MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                        Respondent.
_____


Calendar Date:   March 29, 2016

Before:   Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
          Aarons, JJ.

                        _____


        Jordan Y. Corp, Marcy, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating a
prison disciplinary rule.

        Petitioner, an inmate, was charged in a misbehavior report
with using drugs after his urine twice tested positive for
buprenorphine.  Following a tier III disciplinary hearing, he was
found guilty and the determination was affirmed on administrative
appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, urinalysis test results and related documentation and the testimony of the testing officer provide substantial evidence to support the determination (see Matter of Martinez v Annucci, 134 AD3d 1380, 1380-1381 [2015]; Matter of Green v Annucci, 134 AD3d 1376, 1376 [2015]).  With regard to petitioner's contentions that an incorrect identification number appeared on the testing documentation, the testimony of the testing officer adequately explained that the error in the last digit of petitioner's identification number was a typographical error, which he corrected on the documentation (see Matter of Smith v Unger, 100 AD3d 1171, 1171 [2012]).  Insofar as petitioner claims that the sample tested was not his, the testing officer confirmed that he had collected the urine sample from petitioner, which petitioner admitted providing, and the officer's testimony established the chain of custody and positive results for that sample and that it belonged to petitioner (see id.; see also Matter of Jenkins v Annucci, 136 AD3d 1093, 1093 [2016]; Matter of Martinez v Annucci, 134 AD3d at 1381).  Petitioner's remaining contentions have been considered and determined to lack merit.

Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court