*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016          521797

_____

In the Matter of MIGUEL MEDINA,
                    Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.

_____

Calendar Date:  June 6, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Mulvey, JJ.

_____

        Miguel Medina, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in two misbehavior reports with various disciplinary rule violations arising from two incidents that occurred on the same date.  The correction officer who prepared the first report related that petitioner approached him at his desk and was agitated because the officer had ordered him to get up and make his bed.  According to the officer, he directed petitioner to return to his room, at which time petitioner lunged at him with a clenched fist.  As a result, the officer charged him in a misbehavior report with attempting to assault staff, engaging in violent conduct and refusing a direct

order.

The correction officer who prepared the second misbehavior report related that, while he was beginning to conduct a strip frisk of petitioner, he ordered petitioner to sweep his mouth and that petitioner lunged toward the officer's throat with both hands. That officer charged him in the second misbehavior report with attempting to assault staff, engaging in violent conduct and violating frisk procedures. Following a combined tier III disciplinary hearing, petitioner was found guilty of the charges contained in both reports and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior reports, together with the testimony of the correction officers who prepared them, provide substantial evidence supporting the determination of guilt (see Matter of Byrd v Fischer, 117 AD3d 1263, 1263 [2014]; Matter of Davis v Prack, 90 AD3d 1447, 1448 [2011]). Petitioner's contrary testimony and his assertion that it was he who was assaulted by correction officers presented a credibility issue for the Hearing Officer to resolve (see Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]; Matter of Suero v Fischer, 95 AD3d 1509, 1509-1510 [2012]). Furthermore, upon reviewing the record, we find nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Genyard v Annucci, 136 AD3d 1091, 1092 [2016]; Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [2015], appeal dismissed 26 NY3d 964 [2015]). Petitioner's remaining contentions have not been preserved for our review due to his failure to raise them at the hearing (see Matter of Rodriquez v Annucci, 136 AD3d 1083, 1084 [2016]).

Peters, P.J., McCarthy, Egan Jr., Lynch and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court