## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: September 22, 2016        521253
_____

In the Matter of AARON ISAIAH
   YOUNG,
                 Petitioner,

     v                             MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
Special Housing and Inmate
Disciplinary Programs,
                 Respondent.
_____

Calendar Date: August 8, 2016

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

     Aaron Isaiah Young, Ossining, petitioner pro se.

     Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

     Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

     Petitioner was charged in a misbehavior report with assaulting staff, refusing a direct order, engaging in violent conduct, creating a disturbance and making threats. The misbehavior report alleged that, while being escorted by a correction officer, petitioner refused to follow an order to keep his hands in his pockets and his head facing straight forward, and he suddenly turned and attempted to strike the officer, initiating a physical altercation that continued until responding

staff arrived. The misbehavior report further alleged that, during the altercation, petitioner failed to comply with directives to stop resisting the officers' attempts to bring him under their control. A tier III disciplinary hearing resulted in petitioner being found guilty of three of the charges — assaulting staff, refusing a direct order and engaging in violent conduct. The determination was affirmed on administrative appeal, and petitioner then commenced this CPLR article 78 proceeding.

We confirm. Substantial evidence supporting the determination is provided by the misbehavior report, together with the testimony of the officer involved in the incident, an officer who witnessed the start of the incident and two officers who arrived while the incident was ongoing (see Matter of Hyatt v Annucci, 141 AD3d 977, 978 [2016]; Matter of Boyd v Prack, 136 AD3d 1136, 1136 [2016]; Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]). Petitioner's contention that the officer assaulted him first and did so in retaliation for information that he had provided to another staff member presented a credibility issue for the Hearing Officer to resolve (see Matter of Medina v Annucci, 141 AD3d 1052, 1053 [2016]; Matter of Lashway v Fischer, 91 AD3d 1239, 1239-1240 [2012], lv denied 19 NY3d 805 [2012]; Matter of Reynoso v Fischer, 73 AD3d 1315, 1316 [2010]).

Petitioner argues that the Hearing Officer failed to make a sufficient inquiry into the reasons why his five inmate witnesses — all of whom executed witness refusal forms — refused to testify. This issue is "unpreserved for our review . . . in light of [petitioner's] failure to object or request that the Hearing Officer make further inquiry" (Matter of Gomez v Cunningham, 137 AD3d 1432, 1433 [2016]; see Matter of Geraci v Annucci, 131 AD3d 767, 768 [2015]; Matter of Hill v Fischer, 69 AD3d 1103, 1103 [2010]). Petitioner's further assertion that he did not receive witness interview form 2176 is unavailing since the Hearing Officer discussed the form near the end of the hearing and read it into the record, without further request or objection by petitioner (see generally Matter of Dancy v Goord, 58 AD3d 922, 923 [2009]; Matter of Gray v Selsky, 37 AD3d 890, 890 [2007]). Petitioner's remaining arguments have been

considered and are either unpreserved or lack merit.

McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court