*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    January 26, 2017                522879
_____

In the Matter of JHAFFRE
    McCLAIN,
                            Petitioner,

        v
                                              MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                            Respondent.
_____

Calendar Date:    November 29, 2016

Before:   McCarthy, J.P., Egan Jr., Rose, Mulvey and Aarons, JJ.

_____

        Jhaffre McClain, Stormville, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with fighting, violent conduct, refusing a direct order and creating a disturbance.  According to the report, petitioner was among a group of six inmates who engaged in a fight in the exercise yard.  Following a tier III disciplinary hearing, petitioner was found guilty of all charges.  This determination was affirmed on administrative appeal, and this CPLR article 78 proceeding

ensued.

We confirm.  The misbehavior report, unusual incident report, use of force report and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Davis v Annucci, 123 AD3d 1279, 1279 [2014]; Matter of Rivera v Fischer, 118 AD3d 1194, 1195 [2014]).  The testimony of petitioner and his inmate witnesses that petitioner was not involved in the fight presented a credibility issue for the Hearing Officer to resolve (see Matter of Hyatt v Annucci, 141 AD3d 977, 978 [2016]; Matter of James v New York State Dept. of Corr. & Community Supervision, 127 AD3d 1537, 1537-1538 [2015]).

Turning to petitioner's procedural arguments, we conclude that petitioner was given adequate notice of the charges against him.  Although the initial misbehavior report identified petitioner as the inmate charged and set forth the rules violated and the date, time and place of the incident, the report apparently did not reference petitioner's name when listing the names of the participants in the description of incident section.[1]  The Hearing Officer read his copy of the misbehavior report into the record, which included petitioner in the description of the incident.  The hearing thereafter was adjourned for four days, providing petitioner with time to prepare a defense.  Under these circumstances, and inasmuch as petitioner has failed to demonstrate that he was prejudiced by the error, we find that petitioner was provided with sufficient notice of the charges to enable him to prepare a defense (see Matter of Toro v Fischer, 104 AD3d 1036, 1037 [2013]; Matter of Stinson v Prack, 87 AD3d 1218, 1219 [2011]; Matter of Moore v Senkowski, 13 AD3d 683, 684 [2004]).

We also are unpersuaded by petitioner's contention that he improperly was denied the right to call certain inmate witnesses. The identified witness never agreed to testify, and the reason

---

[1]  The correction officer who authored the report later testified that the omission of petitioner's name in the description section was a computer error and that petitioner was a participant in the fight.

for his refusal was set forth in the record (see Matter of Sherman v Annucci, 142 AD3d 1196, 1197-1198 [2016]; Matter of Hill v Selsky, 19 AD3d 64, 66-67 [2005]).  Although petitioner also requested the testimony of unidentified inmates that were in the yard near where the fight occurred, the record reflects that there were over 100 inmates in the yard at the time of the fight.  Inasmuch as the five other alleged participants in the fight testified that petitioner was not involved, the Hearing Officer properly denied the testimony of the unidentified witnesses as redundant (see Matter of White v Fischer, 121 AD3d 1478, 1479 [2014]; Matter of Williams v Prack, 114 AD3d 979, 980 [2014]; Matter of Ford v Smith, 23 AD3d 874, 875 [2005], lv denied 6 NY3d 708 [2006]).  Finally, the record reflects that petitioner received meaningful employee assistance, and he has not demonstrated that he was prejudiced by the assistant's alleged deficiencies (see Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]; Matter of Shoga v Annucci, 132 AD3d 1027, 1028 [2015]).

McCarthy, J.P., Egan Jr., Rose, Mulvey and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court