## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 9, 2017                 523293
_____

In the Matter of MARKEL NANCE,
                    Appellant,

        v                                   MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  January 13, 2017

Before:  Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

_____

        James M. Bogin, Prisoners' Legal Services of New York,
Albany, for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

Aarons, J.

        Appeal from a judgment of the Supreme Court (Zwack, J.),
entered February 29, 2016 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent finding
petitioner guilty of violating certain prison disciplinary rules.

        Petitioner and the other inmates housed in his cell block
were proceeding to the mess hall when a fight broke out between
two inmates.  While correction officers were responding to the
incident, petitioner, who had been directed to place his hands on
the bars, moved backwards and shoved one of the officers to the
floor, causing the officer to injure his left ankle.  As a

result, petitioner was charged in a misbehavior report with assaulting staff, engaging in violent conduct and creating a disturbance. At the ensuing tier III disciplinary hearing, petitioner complained that his assistant failed to interview the 30 inmates housed in his cell block to ascertain if they had potentially relevant testimony or to provide him with medical records of the officer who was injured. The Hearing Officer responded that it was not necessary for the assistant to interview all of these inmates and indicated that petitioner was not entitled to the officer's medical records. In addition, the Hearing Officer denied as irrelevant petitioner's request to have one of the inmates who was involved in the initial fight testify as a witness. At the conclusion of the hearing, petitioner was found guilty of all of the charges and the determination was later affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the determination and, following joinder of issue, Supreme Court dismissed the petition.[1] Petitioner now appeals.

Petitioner contends, among other things, that the Hearing Officer improperly denied his request to have an inmate who was involved in the initial fight testify at the hearing. The Hearing Officer denied this inmate's testimony as irrelevant, noting that "[a]t the time of [the] incident [,] this inmate was in the process of being restrained by security staff and was face down on the floor." However, as respondent concedes, there is no proof in the record to substantiate the Hearing Officer's conclusion. The fight occurred in the area where petitioner allegedly assaulted staff and the requested witness may have made observations helpful to petitioner's defense. Consequently, the Hearing Officer's denial of this witness based upon his own speculation as to the content of the witness's testimony was error (see Matter of Gross v Yelich, 101 AD3d 1298, 1298 [2012]; Matter of Tafari v Selsky, 76 AD3d 1123, 1124 [2010], lv dismissed 16 NY3d 783 [2011]).

_____

[1] Notwithstanding respondent's assertion to the contrary, it was not necessary for Supreme Court to transfer the proceeding to this Court as the petition raises only procedural claims and not the issue of substantial evidence.

Petitioner also argues that he was denied effective employee assistance because his assistant failed to interview all of the inmates housed in his cell block to determine if they had potentially relevant testimony and failed to provide him with medical records of the injured officer. In order to prevail upon such a claim, petitioner must show that he was prejudiced by his assistant's alleged inadequacies (see Matter of Shoga v Annucci, 132 AD3d 1027, 1028 [2015]; Matter of Irby v Kelly, 161 AD2d 860, 861 [1990]). Here, it appears from the record that the assistant interviewed only six of the 30 inmates housed in petitioner's cell block, five of whom refused to testify and one who provided a vague written statement.[2] It is unclear from the record what attempts, if any, petitioner's assistant made to interview the other inmates housed in his cell block who were present during the incident. In view of this, and given that the observations of such inmates could have potentially supported petitioner's defense, petitioner was prejudiced by his assistant's failure to interview them and by the Hearing Officer's failure to remedy this deficiency (see Matter of Williams v Fischer, 128 AD3d 1147, 1148 [2015]; Matter of Canty v Fischer, 107 AD3d 1194, 1195 [2013]; compare Matter of Alicea v Fischer, 94 AD3d 1316, 1316-1317 [2012], lv denied 19 NY3d 809 [2012]; Matter of Lashway v Fischer, 91 AD3d 1239, 1240 [2012], lv denied 19 NY3d 805 [2012]). Furthermore, although the medical records of the injured officer were relevant, any error in his assistant's failure to provide them was harmless given that the Hearing Officer read documentation into the record revealing that the officer had suffered an injury to his left ankle (see Matter of Martin v Fischer, 98 AD3d 774, 775 [2012]; Matter of Brown v Goord, 300 AD2d 777 [2002]).

Turning to the remedy, we note that, although remittal for a new hearing is the proper remedy for the regulatory violation of an inmate's right to call witnesses (see Matter of Peterson v Annucci, 141 AD3d 1051, 1052 [2016]; Matter of Payton v Annucci, 139 AD3d 1223, 1224 [2016]), expungement of the disciplinary

_____

[2] Notably, only one inmate testified on petitioner's behalf at the hearing and it is unclear whether the assistant interviewed this inmate.

determination is in order when an inmate has been denied his or her constitutional right to meaningful employee assistance (see Matter of Williams v Fischer, 128 AD3d at 1148; Matter of Rivera v Prack, 122 AD3d 1226, 1228 [2014]).  In view of this, and considering that over a year and a half has elapsed since the incident giving rise to the misbehavior report during which time many of the potential witnesses may have been relocated or released from prison, equity dictates that the disciplinary determination at issue be annulled and that all references thereto be expunged from petitioner's institutional record (see Matter of Williams v Coughlin, 145 AD2d 771, 773 [1988]; Matter of Allah v LeFevre, 132 AD2d 293, 295 [1987]; Matter of Cunningham v LeFevre, 130 AD2d 809, 810 [1987]; see also Matter of Alvarez v Goord, 30 AD3d 118, 120 [2006]).

Peters, P.J., Lynch, Devine and Clark, JJ., concur.

ORDERED that the judgment is reversed, on the law, without costs, petition granted, determination annulled, and respondent is directed to expunge all references to this matter from petitioner's institutional record and to restore any loss of good time.

ENTER:

Robert D. Mayberger
Clerk of the Court