*1382 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in violent conduct, attempting to assault staff, refusing a direct order and interfering with an employee. The misbehavior report relates that, after petitioner’s wrists were restrained behind his back in order to be escorted to the shower, he turned aggressively and violently toward the correction officer and lunged forward. Force was necessary to secure petitioner, who refused several direct orders to stop resisting, and the incident resulted in a delay in the shower program. Following a tier III disciplinary hearing, petitioner was found guilty as charged and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
The misbehavior report, the use of force report and related documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Medina v Annucci, 141 AD3d 1052, 1053 [2016]; Matter of Boyd v Brack, 136 AD3d 1136, 1136 [2016]). Petitioner’s contention that the incident was fabricated and that he was assaulted by the correction officers involved in the incident presented a credibility issue for the Hearing Officer to resolve (see Matter of Medina v Annucci, 141 AD3d at 1053).
We do, however, agree with petitioner’s contention that he was not provided adequate notice with regard to the Hearing Officer’s finding that a weapon had been used during the incident. Specifically, at the conclusion of the hearing, and as reflected on the hearing disposition sheet, the Hearing Officer found that the attempted assault involved the use of a weapon, to wit, petitioner’s body. Petitioner was not charged with the use of a weapon nor was there any indication before or during the hearing that such issue was under consideration. Although respondent asserts that this information is supplemental and not integral to the determination, it is a finding that is based upon the determination of guilt and, apparently, will be reflected in petitioner’s institutional record. As such, that part of the determination regarding the use of a weapon must be expunged from petitioner’s institutional record. We have reviewed petitioner’s remaining contentions and find them to be without merit.
*1383 Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ., concur.
Adjudged that the determination is modified, without costs, by annulling so much thereof as found that petitioner used a weapon; petition granted to that extent and respondent is directed to expunge all references to the use of a weapon in this matter from petitioner’s institutional record; and, as so modified, confirmed.