*1437 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was observed fighting with another inmate in a prison kitchen area and, later that day, a cell search disclosed a lighter in a boot on top of his food locker and religious oils in a bowl inside his clothing locker containing his personal belongings. He was charged in two misbehavior reports with fighting, violent conduct and creating a disturbance relative to the first incident, and possession of unauthorized contraband for the items found in his cell. Following a tier III disciplinary hearing, he was found guilty of all charges and a penalty was imposed. The determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior reports, testimony of the authors — the correction officers who witnessed the fight and searched his cell — and the documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]). Petitioner did not dispute that he had been in a fight, and his contentions that the second report was written in retaliation for a grievance he had filed created a credibility issue for the Hearing Office to resolve (see Matter of Telesford v Annucci, 145 AD3d 1304, 1305 [2016]).
With regard to petitioner’s challenge that the date of the fighting incident was incorrect on the first misbehavior report, the Hearing Officer credited the testimony of the report’s author that this was a typographical error and that the incident had occurred on the same date as the cell search recorded on the second report; the correct date of the fighting incident was also documented in the fight investigation memorandum prepared by another correction officer and in the medical records (see Matter of Corp v Venettozzi, 139 AD3d 1228, 1228 [2016]). Further, petitioner was not improperly denied the right to call a correction officer who had previously confiscated religious oil from him, as the officer was not present for or involved in the cell search underlying the second misbehavior report and his testimony was not shown to be relevant (see Matter of Jones v Fischer, 139 AD3d 1219, 1220 [2016]; Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [2015], appeal dismissed 26 NY3d 964 [2015]). Petitioner’s remaining claims, to the extent they are preserved for our review, are without merit.
McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ., concur.
*1438 Adjudged that the determination is confirmed, without costs, and petition dismissed.