■ In the Matter of AMILCAR RAMOS, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [54 NYS3d 755]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany

County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Correction officers observed a fight among a group of inmates in the prison facility yard, during which the inmates ignored orders broadcast over the loudspeaker to "stop fighting" and "get on the ground." Petitioner was identified by a correction officer as one of the combatants who failed to comply with the broadcast orders until responding officers entered the yard. Petitioner was charged in a misbehavior report with fighting and other rule violations. Petitioner was placed in the special housing unit and, the next day, a flat piece of metal sharpened to a point was found during a pack up and frisk of his cell. Petitioner was then charged in a second misbehavior report with possession of a weapon. Following a combined tier III disciplinary hearing, petitioner was found guilty of fighting, violent conduct, creating a disturbance and refusing a direct order as charged in the first misbehavior report, and possession of a weapon as charged in the second misbehavior report. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior reports, testimony of the authors of the reports, unusual incident report and other documentary evidence provide substantial evidence supporting the determination of guilt (*see Matter of McClain v Venettozzi*, 146 AD3d 1264, 1265 [2017]). With regard to the first report, the testimony of petitioner and his inmate witnesses that he was not involved in the fight presented a credibility issue for the Hearing Officer to resolve (*see Matter of Hyatt v Annucci*, 141 AD3d 977, 978 [2016]). Contrary to petitioner's claim, the surveillance video from the yard is inconclusive. Further, the finding of not guilty of assaulting an inmate was based upon the inability to identify the inmate who petitioner was observed assaulting, and did not preclude the determination of guilt as to the remaining charges.

With regard to petitioner's arguments addressed to the possession of a weapon charge, "a reasonable inference of possession arises by virtue of his control over the area where the weapon was found" (*Matter of Gomez v New York State Dept. of Corr. & Community Supervision*, 147 AD3d 1140, 1141 [2017] [internal quotation marks, citation and brackets omitted]), and the officer who found the weapon testified that it was in a small bag secreted in the tracks to petitioner's cell door, in a place only accessible from inside the cell. Petitioner's denial of any knowledge with regard to the weapon presented a credibility issue for the Hearing Officer (*see Matter of Thompson v An-*

*nucci*, 145 AD3d 1303, 1304 [2016]). Petitioner's remaining claims, to the extent preserved for our review, also lack merit.

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.