■ In the Matter of JEFFREY CANZATER-SMITH, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [54 NYS3d 223]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

After refusing a direct order to remove articles of clothing from his locker, petitioner became belligerent and shouted obscenities to express his displeasure with the facility and all of the people who were in his presence at that time. Upon being ordered to walk into a separate room away from the other inmates who were watching the incident, petitioner walked into that room at which time he swung his right elbow backwards, striking a correction officer in the face. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order, creating a disturbance, interfering with staff, assaulting staff, making threats and engaging in violent conduct. Following a tier III disciplinary hearing, petitioner was found guilty of the charges, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, documentary evidence submitted for in camera review and the hearing testimony, including the testimony from the correction officer who was involved in the altercation, provide substantial evidence of petitioner's guilt (*see Matter of McCall v Annucci*, 123 AD3d 1267, 1268 [2014]; *Matter of Wright v Fischer*, 98 AD3d 759, 759 [2012]). Petitioner's exculpatory claims that he did not use profane language during the incident, that he followed the orders that were given to him and that the misbehavior report was fabricated to cover up the correction officers' assault of

him presented credibility issues for the Hearing Officer to resolve (*see e.g. Matter of Young v Prack*, 142 AD3d 1226, 1226 [2016]; *Matter of Medina v Annucci*, 141 AD3d 1052, 1053 [2016]; *Matter of Lashway v Fischer*, 91 AD3d 1239, 1239 [2012], *lv denied* 19 NY3d 805 [2012]).

Turning to petitioner's procedural contentions, the record reflects that petitioner's employee assistant provided meaningful assistance, and petitioner has not demonstrated that he was prejudiced by his assistant's alleged deficiencies (*see Matter of Shoga v Annucci*, 132 AD3d 1027, 1028 [2015]; *Matter of Colon v Goord*, 11 AD3d 839, 840 [2004]). Moreover, by providing petitioner with a redacted copy of the unusual incident report and logbook entries, the Hearing Officer sufficiently remedied any alleged deficiencies in the assistance received (*see Matter of Telesford v Annucci*, 145 AD3d 1304, 1305 [2016]; *Matter of Hernandez v Fischer*, 111 AD3d 1042, 1043 [2013]). Finally, based upon our review of the record and the transcript of the hearing, petitioner has not demonstrated that the Hearing Officer's determination flowed from any alleged bias against him (*see Matter of Medina v Annucci*, 141 AD3d at 1053; *Matter of Genyard v Annucci*, 136 AD3d 1091, 1092 [2016]). Nor was petitioner denied the right to call any witnesses when, after the first requested witness provided testimony that corroborated the testimony provided by the correction officer who authored the misbehavior report, petitioner declined to call any further witnesses (*see Matter of Letizia v Graham*, 119 AD3d 1296, 1297 [2014], *lv denied* 24 NY3d 912 [2015]). Petitioner's remaining arguments have been considered and, to the extent that they are properly before us, found to be without merit.

Peters, P.J., Garry, Egan Jr., Devine and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.