■ In the Matter of ROY L. KING, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [62 NYS3d 831]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Following a physical altercation in a prison yard involving several inmates, petitioner was charged in three misbehavior reports with numerous prison disciplinary rule violations. The first report indicated that petitioner fought another inmate in the prison yard and made slashing motions towards his face. Petitioner ignored orders to stop fighting and attempted to elude prison staff by running across the prison yard towards a wall. The first misbehavior report charged him with assaulting an inmate, fighting, engaging in violent conduct and refusing a direct order. The second misbehavior report related that, when petitioner ran across the prison yard and reached a wall, he was observed throwing an unknown object over it, then refused to comply with a direct order to place his hands behind his back and had to be physically restrained. That report charged him with refusing a direct order and engaging in violent conduct. The object thrown by petitioner was a razor-type ceramic weapon with a black tape handle and, upon its recovery, petitioner was charged in a third misbehavior report with possessing a weapon. Following a combined tier III disciplinary hearing on the reports, petitioner was found guilty as charged. The determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior reports, the testimony of three correction officers involved in the incidents and other proof, including video footage of the prison yard and documents submitted for in camera review, provide substantial evidence to support the determination of guilt as to all charges (*see Matter of Cruz v Annucci*, 152 AD3d 1100, 1101 [2017]; *Matter of Ramos v Annucci*, 150 AD3d 1510, 1511 [2017]). The differing testimony of petitioner and his inmate witness presented credibility issues for the Hearing Officer to resolve (*see Matter of Ramos v Annucci*, 150 AD3d at 1511; *Matter of Thousand v Prack*, 139 AD3d 1212, 1212 [2016]). Similarly, any minor discrepancy between the third misbehavior report and the

contraband receipt regarding the time of the incident presented a credibility issue for the Hearing Officer to resolve (*see Matter of Marhone v Schuck*, 142 AD3d 1232, 1232 [2016]).

Contrary to petitioner's further contention, the misbehavior reports were sufficiently specific and provided adequate information to afford petitioner an opportunity to prepare a defense (*see* 7 NYCRR 251-3.1 [c]; *Matter of Caraway v Annucci*, 144 AD3d 1296, 1297-1298 [2016], *lv denied* 29 NY3d 903 [2017]). Petitioner has not demonstrated that he was prejudiced by his employee assistant's alleged deficiencies (*see Matter of Canzater-Smith v Venettozzi*, 150 AD3d 1518, 1519 [2017]; *Matter of Lane v Annucci*, 127 AD3d 1492, 1493 [2015]) and, in any case, the Hearing Officer remedied those alleged deficiencies at the hearing (*Matter of Canzater-Smith v Venettozzi*, 150 AD3d at 1519; *Matter of Telesford v Annucci*, 145 AD3d 1304, 1305 [2016]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Peters, P.J., Egan Jr., Devine, Clark and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.