Matter of Scott v Annucci (2018 NY Slip Op 06162)





Matter of Scott v Annucci


2018 NY Slip Op 06162


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

526080

[*1]In the Matter of RANDOLPH SCOTT, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 6, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Randolph Scott, Stormville, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following a medical examination, petitioner became loud and belligerent towards medical staff and the correction officer responsible for escorting him back to his prison cell. After being given several direct orders to dress himself, petitioner eventually complied and was then directed to stand up, place his hands in his pockets and exit the room. Instead, petitioner stood up and attempted to punch the correction officer with a closed fist, prompting the use of force to subdue petitioner with mechanical restraints. As a result of this incident, petitioner was charged in a misbehavior report with attempting to assault staff, engaging in violent conduct, creating a disturbance and refusing a direct order. Follow a tier III prison disciplinary hearing, petitioner was found guilty as charged, and that determination was later upheld on administrative review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the hearing testimony from the author of that report and from a correction officer who witnessed the incident, and documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Canzater-Smith v Venettozzi, 150 AD3d 1518, 1518 [2017]; Matter of Hubbard v Annucci, 148 AD3d 1381, 1382 [2017]; Matter of Young v Prack, 142 AD3d 1226, 1227 [2016]). Petitioner's contention that he was assaulted and that the narrative of the incident contained in the misbehavior report was fabricated in retaliation for prior grievances that he had filed against the author of that report presented a credibility issue for the Hearing Officer to resolve (see Matter of Young v Prack, 142 AD3d at 1227; Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]; Matter of Cornelius v Fischer, 98 AD3d 779, 780 [2012]).
Turning to petitioner's procedural contentions, we find no merit to petitioner's challenge to the timeliness of the hearing inasmuch as valid extensions were obtained, and the hearing was completed within the time period set forth therein (see Matter of Clark v Smith, 155 AD3d 1232, 1234 [2017]; Matter of Jackson v Annucci, 144 AD3d 1285, 1286 [2016], lv denied 29 NY3d 907 [2017]). The record reflects that petitioner received adequate employee assistance, and he failed to demonstrate that he was prejudiced by his assistant's alleged deficiencies (see Matter of Canzater-Smith v Venettozzi, 150 AD3d at 1519; Matter of Genyard v Annucci, 136 AD3d at 1091). Moreover, by allowing petitioner to examine requested photographs and by providing him with copies of the various documentation regarding the incident, the Hearing Officer sufficiently remedied any alleged deficiencies in the assistance received (see Matter of Canzater-Smith v Venettozzi, 150 AD3d at 1519). Petitioner's remaining contentions have been considered and, to the extent that they are properly before us, found to be without merit.
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.