Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
As a result of his failure to provide a urine sample for testing, *1583 petitioner was charged in a misbehavior report with refusing a direct order and violating urinalysis testing procedures. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing, and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, together with the hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Sital v Fischer, 72 AD3d 1306, 1307 [2010], lv dismissed 15 NY3d 823 [2010]; Matter of Credle v Selsky, 46 AD3d 989, 990 [2007]). Petitioner’s claim that the misbehavior report was filed in retaliation for a grievance presented a credibility issue for the Hearing Officer to resolve (see Matter of Sital v Fischer, 72 AD3d at 1307; Matter of Becker v Goord, 13 AD3d 947, 948 [2004]). While petitioner maintains that the Hearing Officer did not give proper credit to his defense, this is not indicative of bias, and there is nothing in the record to suggest that the determination flowed from any alleged bias on the part of the Hearing Officer (see Matter of Marino v New York State Dept. of Correctional Servs., 41 AD3d 1004, 1005 [2007], appeal dismissed and lv denied 9 NY3d 940 [2007]; Matter of Hoover v Goord, 38 AD3d 1069, 1070 [2007], lv denied 8 NY3d 816 [2007]).
Mercure, J.P, Lahtinen, Spain, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.