■ In the Matter of JOSE INOA, Petitioner, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [982 NYS2d 202]—

Proceeding pursuant to CPLR article 78 (transferred to this

---

* At the time of the hearing, claimant withdrew his challenge to the finding of disqualifying misconduct.

Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with possessing gang-related material and tampering with property after a search of his property upon transfer to a new facility uncovered a yellow and black bracelet and a handkerchief with a drawing alleged to be associated with particular gangs, as well as altered headphones and a hot pot. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and that determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding, challenging only that part of the determination that found him guilty of possessing gang-related material.

Contrary to petitioner's contention, the misbehavior report, property seized and testimony at the hearing, particularly that of a correction officer trained in identifying gang-related material, provide substantial evidence to support the determination of guilt (*see Matter of Smith v Fischer*, 100 AD3d 1314, 1314 [2012]; *Matter of Flournoy v Bezio*, 84 AD3d 1636, 1637 [2011]). Although petitioner denied that the material was gang related and proffered evidence that, if credited, could have resulted in a different conclusion, the conflicting testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of White v Fischer*, 95 AD3d 1582, 1583 [2012]; *Matter of Matias v Selsky*, 43 AD3d 1261, 1262 [2007]). Furthermore, the fact that the Hearing Officer discredited petitioner's testimony is not indicative of bias, and there is nothing in the record to support petitioner's assertion that the determination flowed from any alleged bias (*see Matter of White v Fischer*, 95 AD3d at 1583). Finally, absent an objection at the hearing, petitioner has not preserved for this Court's review his challenge of not being present during the search of his property (*see Matter of Merritt v Fischer*, 108 AD3d 993, 994 [2013]; *Matter of McKethan v Selsky*, 300 AD2d 714, 714-715 [2002]).

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.