*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016                521090
_____

In the Matter of KHARY BEKKA,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  January 19, 2016

Before:  McCarthy, J.P., Garry, Rose and Clark, JJ.

_____

        Khary Bekka, Ossining, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        When a correction officer approached petitioner's cell, she
observed him masturbating.  After ordering him to stop,
petitioner continued and made sexually suggestive comments to the
officer.  As a result, petitioner was charged in a misbehavior
report with engaging in lewd conduct, refusing a direct order and
interfering with an employee.  Following a tier III disciplinary
hearing, petitioner was found not guilty of interfering with an
employee, but guilty of the remaining charges.  This
determination was affirmed on administrative appeal, resulting in

this CPLR article 78 proceeding.[1]

We confirm.  Petitioner was afforded a fair hearing.
Contrary to petitioner's claims, the Hearing Officer did allow
petitioner to question the author of the misbehavior report as to
whether she had ever previously observed such behavior by
petitioner, and the Hearing Officer did not act improperly by
limiting petitioner's further questioning of the witness to
issues related to matters relevant to the incident in question
(see Matter of Fero v Prack, 110 AD3d 1128, 1129 [2013]; Matter
of Toliver v Commissioner of Corr. & Community Supervision, 104
AD3d 981, 982 [2013]).  Further, the fact that the Hearing
Officer rejected petitioner's testimony is not indicative of
bias, nor is there anything in the record supporting petitioner's
claim that the determination flowed from any alleged bias (see
Matter of Inoa v Smith, 115 AD3d 1109, 1110 [2014]; Matter of
White v Fischer, 95 AD3d 1582, 1583 [2012]).

McCarthy, J.P., Garry, Rose and Clark, JJ., concur.

---

[1]  Although the petition raised the issue of substantial
evidence and, accordingly, the proceeding was properly
transferred to this Court, petitioner has abandoned such argument
by failing to raise it in his brief (see Matter of Davila v
Prack, 113 AD3d 978, 978 n [2014], lv denied 23 NY3d 904 [2014]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court