# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**587**

**CA 15-00173**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF ARRELLO BARNES,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County
(Michael M. Mohun, A.J.), entered December 1, 2014 in a CPLR article
78 proceeding. The judgment dismissed the amended petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner, an inmate in state prison, commenced
this proceeding pursuant to CPLR article 78 seeking to annul the
determination that he violated inmate rule 105.13 (7 NYCRR 270.2 [B]
[6] [iv]), which prohibits the possession of gang-related material.
The charge was based on letters containing gang-related references
that had been sent to petitioner. We reject petitioner's contention
that the Hearing Officer was biased against him and thus that he was
deprived of his right to an impartial hearing officer. Petitioner was
afforded ample opportunity to present his defense, which was that he
only recently received the letters in the mail and did not have time
to destroy them before they were found in his cell by a correction
officer. "[T]he fact that the Hearing Officer rejected petitioner's
testimony is not indicative of bias, nor is there anything in the
record supporting petitioner's claim that the determination flowed
from any alleged bias" (*Matter of Bekka v Annucci*, 137 AD3d 1446,
1447; *see Matter of Jay v Fischer*, 118 AD3d 1364, 1364, *lv denied* 24
NY3d 975). We have reviewed petitioner's remaining contentions and
conclude that they lack merit.

Entered: June 17, 2016                          Frances E. Cafarell
                                                Clerk of the Court