# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

650

TP 16-01796

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF TROY WASHINGTON, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered October 4, 2016) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 107.10 (7 NYCRR 270.2 [B] [8] [i]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.

Memorandum: Petitioner commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul the determination, following a tier III hearing, that he violated various inmate rules. As respondent correctly concedes, the determination that petitioner violated inmate rule 107.10 (7 NYCRR 270.2 [B] [8] [i [interference with employee]) is not supported by substantial evidence. We therefore modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated that rule, and we direct respondent to expunge from petitioner's institutional record all references thereto. Inasmuch as petitioner has already served the penalty and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty.

Contrary to petitioner's contention, the determination finding that he violated the remaining three inmate rules is supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139).  Petitioner failed to exhaust his administrative remedies with respect to his further contention that the Hearing Officer was biased against him because he failed to raise it in his administrative appeal, and this Court "has no discretionary power to reach [it]" (*Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834).

Entered:  May 5, 2017

Frances E. Cafarell
Clerk of the Court