Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered March 13, 2017) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.
 

 It is hereby ordered that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rules 101.10 (7 NYCRR 270.2 [B] [2] [i]) and 180.10 (7 NYCRR 270.2 [B] [26] [i]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner’s institutional record all references to the violation of those inmate rules.
 

 Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III hearing, that he violated various inmate rules. As respondent correctly concedes, the determination that petitioner violated inmate rules 101.10 (7 NYCRR 270.2 [B] [2] [i] [engaging in sexual acts]) and 180.10 (7 NYCRR 270.2 [B] [26] [i] [violating a visitation procedure]) must be annulled. Petitioner was deprived of his right to reply to the evidence against him with respect to those charges because of the unexplained unavailability for use at the disciplinary hearing of the videotape that allegedly depicted his violations thereof (see Matter of Marquez v Mann, 192 AD2d 100, 103-104 [1993]; see generally Matter of Tolliver v Fischer, 125 AD3d 1023, 1023-1024 [2015], lv denied 25 NY3d 908 [2015]; Matter of Farrell v New York State Off. of the Attorney Gen., 108 AD3d 801, 801-802 [2013]). We therefore modify the determination accordingly, and we direct respondent to expunge from petitioner’s institutional record all references thereto. Inasmuch as petitioner has already served the penalty and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (see Matter of Washington v Annucci, 150 AD3d 1700, 1701 [2017]; Matter of Reid v Saj, 119 AD3d 1445, 1446 [2014]).
 

 Present— Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.