Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Columbia County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was charged in a misbehavior report with assaulting staff, leaving an assigned area without authorization, failing to comply with mess hall serving and seating policies, refusing a direct order, harassment, violent conduct and physical interference. The charges stemmed from allegations that petitioner, among other things, stole a correction officer’s baton before punching him in the face, kicked another officer in the leg, kicked a third officer in the testicles and kicked a fourth officer’s hand. After a tier III disciplinary hearing, petitioner was found guilty of all of the charges except for leaving an assigned area without authorization. The determination was upheld on administrative review, and this CPLR article 78 proceeding ensued.
 

 Initially, to the extent that petitioner argues that the determination is not supported by substantial evidence, the misbehavior report, the use of force report and the hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Telesford v Annucci, 145 AD3d 1304, 1305 [2016]; Matter of Young v Prack, 142 AD3d 1226, 1227 [2016]). Petitioner’s claim that correction officers assaulted him without provocation presented a credibility determination for the Hearing Officer to resolve (see Matter of Young v Prack, 142 AD3d at 1227). Additionally, petitioner was not improperly denied witnesses. The record establishes that two of the witnesses that petitioner claims were improperly denied were shown a picture of petitioner for identification purposes, as well as the questions that he had posed for them. Both witnesses refused to testify based on their claims that they were not present when the altercation between petitioner and the correction officers occurred. Accordingly, petitioner’s claim that he was improperly denied these witnesses is without merit (see Matter of Allah v Venettozzi, 147 AD3d 1133, 1133 [2017]; Matter of Broadie v Annucci, 131 AD3d 1324, 1324 [2015]). Otherwise, and contrary to petitioner’s related claim, he did not have the right to call character witnesses (see Matter of Cooperider v Annucci, 128 AD3d 1266, 1266 [2015]; Matter of Flournoy v Bezio, 84 AD3d 1636, 1637 [2011], lv dismissed 26 NY3d 1022 [2015]).
 

 Given the foregoing, petitioner has failed to show that any prejudice resulted from his allegations that his employee assistant did not provide his questions to the aforementioned two witnesses and did not secure character witnesses on his behalf (see Matter of Canzater-Smith v Venettozzi, 150 AD3d 1518, 1519 [2017]; Matter of Shoga v Annucci, 132 AD3d 1027, 1028 [2015]). Finally, the record does not support petitioner’s contention that the Hearing Officer was biased or that the determination flowed from any bias (see Matter of Bekka v Annucci, 137 AD3d 1446, 1447 [2016]; Matter of Inoa v Smith, 115 AD3d 1109, 1110 [2014]).
 

 Peters, P.J., Egan Jr., Rose, Clark and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.