Matter of Ocasio v Bullis (2018 NY Slip Op 04800)





Matter of Ocasio v Bullis


2018 NY Slip Op 04800


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of ENEUDIS OCASIO, 
v
STEVEN BULLIS, as Hearing Officer, et al., Respondents.

Calendar Date: May 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


Eneudis Ocasio, Auburn, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
While being escorted from the commissary due to disruptive conduct, petitioner refused a pat frisk and became "irate." Petitioner punched the correction officer who was escorting him several times in the face, knocked him to the ground and continued to punch him, causing serious injuries. Petitioner also refused several direct orders to submit when correction officers attempted to subdue him. Thereafter, petitioner was charged in a misbehavior report with assaulting a staff member, engaging in violent conduct, creating a disturbance and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. That determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. To the extent that petitioner argues that the determination is not supported by substantial evidence, the misbehavior report, testimony from correction officers involved in the incident that included the correction officer who was assaulted, the unusual incident report and related documentary evidence submitted for in camera review provide substantial evidence supporting the determination of guilt (see Matter of Land v Annucci, 156 AD3d 1103, 1104 [2017]; Matter of Heyliger v Kirkpatrick, 153 AD3d 989, 990 [2017]; Matter of Canzater-Smith v Venettozzi, 150 AD3d 1518, 1518 [2017]). Challenges to the narrative of the incident contained in the misbehavior report or the veracity of the adverse hearing testimony and documentary evidence presented credibility issues for the Hearing Officer to resolve (see Matter of Land v Annucci, 156 AD3d at 1104; Matter of Heyliger v Kirkpatrick, 153 AD3d at 990).
Petitioner's claim that he was improperly denied documentary evidence is unavailing. The record establishes that there was no videotape taken of his altercation with correction officers (see Matter of Heyliger v Kirkpatrick, 153 AD3d at 990; Matter of Reyes v Keyser, 150 AD3d 1502, 1505 [2017]; Matter of Green v Fischer, 112 AD3d 1019, 1019 [2013], lv denied 24 NY3d 913 [2015]). Petitioner further challenges the denial of his requests for other videotapes, but any other existing videotapes did not show the incident, and, therefore, he was not deprived of the right to present relevant and nonredundant documentary evidence in his defense (see 7 NYCRR 254.6 [a] [3]; Matter of Green v Fischer, 112 AD3d at 1019). Finally, the extensive hearing record belies petitioner's contention that the Hearing Officer was biased or that the determination flowed from any bias (see e.g. Matter of Land v Annucci, 156 AD3d at 1105). We have considered petitioner's numerous remaining contentions and find them to be lacking in merit.
McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.