Matter of Estrada v Annucci (2021 NY Slip Op 06127)





Matter of Estrada v Annucci


2021 NY Slip Op 06127


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

532826
[*1]In the Matter of Pedro Estrada, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 8, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Pedro Estrada, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During a strip frisk, petitioner, an incarcerated individual, refused to comply with several orders given by a correction officer to spread his buttocks. When the correction officer activated his alarm to contact his immediate supervisor by radio, petitioner attempted to strike the correction officer in the head with a closed fist. The correction officer activated his alarm and used pepper spray on petitioner, who continued to resist until additional staff responded and applied physical force to subdue petitioner. As a result of the incident, petitioner was charged in a misbehavior report with attempting to assault an officer, interfering with an employee, refusing a direct order, creating a disturbance, refusing facility strip frisk procedures and engaging in violent conduct. Following a tier III disciplinary hearing, a determination of guilt was rendered as to all charges.[FN1] Upon administrative review, the determination was affirmed, and this CPLR article 78 proceeding ensued.
We confirm. Initially, petitioner's plea of guilty to the charge of refusing a direct order precludes him from now challenging the evidentiary basis for that charge (see Matter of Lewis v State of N.Y. Dept. of Corr. & Community Supervision, 193 AD3d 1160, 1162 [2021]; Matter of Bouknight v Annucci, 181 AD3d 1079, 1079 [2020]). As to the remaining charges, the misbehavior report, related documentary evidence submitted for in camera review, and the hearing testimony, including the testimony of the correction officer involved in the incident, provide substantial evidence to support the determination of guilt (see Matter of Ocasio v Bullis, 162 AD3d 1424, 1424 [2018]; Matter of Land v Annucci, 156 AD3d 1103, 1104 [2017]; Matter of Heyliger v Kirkpatrick, 153 AD3d 989, 990 [2017]; Matter of Canzater-Smith v Venettozzi, 150 AD3d 1518, 1518 [2017]). Petitioner's stated explanations for his behavior, as well as petitioner's assertion that he was assaulted by the correction officers and/or the victim of excessive use of force, presented a credibility issue for the Hearing Officer to resolve (see Matter of Land v Annucci, 156 AD3d at 1104; Matter of Canzater-Smith v Venettozzi, 150 AD3d at 1518-1519; Matter of Davis v Lempke, 148 AD3d 1366, 1367 [2017]). Petitioner's assertion that he was improperly denied the use of a videotape of the underlying incident to defend against the charges is unpreserved, as there was no request made for any such video evidence in the course of the hearing (compare Matter of Hubbard v Annucci, 154 AD3d 1286, 1287 [2017]). Petitioner's remaining arguments have been considered and, to the extent that they are properly before us, found to be without merit.
Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald[*2], JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: At the beginning of the hearing, petitioner pleaded guilty to refusing a direct order.