Matter of Ryhal v Annucci (2022 NY Slip Op 05117)

Matter of Ryhal v Annucci

2022 NY Slip Op 05117

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

532813
[*1]In the Matter of Thomas W. Ryhal, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:August 17, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Thomas W. Ryhal, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Richard Rivera, J.), entered December 30, 2020 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioner, an incarcerated individual, commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating certain prison disciplinary rules, as well as two decisions of the Board of Parole denying his release to parole supervision. Respondents filed a pre-answer motion to dismiss petitioner's claims as to the Board's decisions on the basis that one decision had been rendered moot and petitioner had failed to exhaust administrative remedies as to the other. Supreme Court dismissed the petition in its entirety, agreeing with respondents as to the decisions denying petitioner's release to parole supervision and further finding that his challenge to the disciplinary determination was barred by the applicable statute of limitations (see CPLR 217 [1]). Petitioner appeals.
Initially, we note that public records indicate that in March 2022, during the pendency of this appeal, petitioner was conditionally released to parole supervision. Accordingly, petitioner's challenge to the Board's prior decisions denying his release have been rendered moot (see Matter of Blake v Dennison, 57 AD3d 1137, 1138 [3d Dept 2008], lv denied 12 NY3d 710 [2009]; Matter of Velasquez v Dennison, 34 AD3d 898, 898 [3d Dept 2006]). However, petitioner's challenge to the disciplinary determination has not been rendered moot by his conditional release (see Matter of Quiroz v Venettozzi, 161 AD3d 1475, 1475 [3d Dept 2018]; Matter of Brown v Fischer, 120 AD3d 1517, 1518 [3d Dept 2014]; Matter of Walker v Senkowski, 260 AD2d 830, 831 [3d Dept 1999]). Accordingly, and as respondents concede that the claim was not time-barred based upon the application of the tolling provisions of certain executive orders that were issued by the Governor in response to the COVID-19 pandemic (see e.g. Executive Order [A. Cuomo] No. 202.8 [9 NYCRR 8.202.8]; Executive Order [A. Cuomo] No. 202.67 [9 NYCRR 8.202.67]), we remit the matter to Supreme Court for respondents to file an answer pursuant to CPLR 7804 (f) (see generally Matter of Grant v Capra, 181 AD3d 1046, 1047 [3d Dept 2020]; Matter of Mitchell v Annucci, 173 AD3d 1579, 1579 [3d Dept 2019]).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's challenge to the prison disciplinary determination; matter remitted to the Supreme Court to permit respondent Acting Commissioner of Corrections and Community Supervision to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.