Matter of Baxter v Annucci (2025 NY Slip Op 06927)

Matter of Baxter v Annucci

2025 NY Slip Op 06927

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

534465
[*1]In the Matter of Jason Baxter, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:November 14, 2025

Before:Pritzker, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Jason Baxter, Freeport, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
A correction officer authored a misbehavior report charging petitioner, an incarcerated individual, with violating several prison disciplinary rules after she observed him masturbating at his cell gate and he ignored her initial order to stop. Following a tier III disciplinary hearing, petitioner was found guilty of engaging in lewd conduct and refusing a direct order. Upon administrative appeal, the penalty was reduced but the findings of guilt were upheld. This CPLR article 78 proceeding ensued.
"[A]lthough petitioner reached his maximum expiration date and has been discharged from custody, this proceeding is not moot because petitioner is entitled to have an institutional record free from improperly obtained findings of disciplinary rule violations" (Matter of Quiroz v Venettozzi, 161 AD3d 1475, 1475 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Ryhal v Annucci, 208 AD3d 1397, 1398 [3d Dept 2022]). As for the merits, the misbehavior report and the hearing testimony, which included that of the correction officer who authored the report and another officer who assisted her after hearing her order petitioner to stop masturbating, provide substantial evidence to support the determination of guilt (see Matter of Stewart v Collado, 214 AD3d 1229, 1230 [3d Dept 2023]; Matter of Dillon v Annucci, 196 AD3d 957, 958 [3d Dept 2021]). Petitioner's claim that the allegations in the misbehavior report were fabricated created a credibility issue for the Hearing Officer to resolve (see Matter of Coleman v Fischer, 87 AD3d 778, 779 [3d Dept 2011]).
Contrary to petitioner's contention, the Hearing Officer properly limited his questioning of the correction officer who witnessed petitioner's actions and authored the misbehavior report to relevant matters (see Matter of Bekka v Annucci, 137 AD3d 1446, 1447 [3d Dept 2016]; Matter of Fero v Prack, 110 AD3d 1128, 1129 [3d Dept 2013]). His related claim of bias is "without merit, as the record reflects that the determination of guilt was based upon the evidence presented at the hearing and not any alleged bias on the part of the Hearing Officer" (Matter of Stewart v Collado, 214 AD3d at 1230; see Matter of Fero v Prack, 110 AD3d at 1129). Petitioner's remaining argument is not properly before us because it was not raised in the petition (see Matter of Infinger v Venettozzi, 164 AD3d 1578, 1579 [3d Dept 2018]; Matter of Madison v Fischer, 108 AD3d 959, 960 [3d Dept 2013]).
Pritzker, J.P., Ceresia, Fisher, Powers and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.