Matter of Santos v Martuscello (2026 NY Slip Op 00414)

Matter of Santos v Martuscello

2026 NY Slip Op 00414

Decided on January 29, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 29, 2026

CV-24-1922
[*1]In the Matter of Jonathan Santos, Petitioner,
vDaniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:January 2, 2026

Before:Clark, J.P., Ceresia, Fisher, McShan and Corcoran, JJ.

Jonathan Santos, Richmond Hill, petitioner pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, then an incarcerated individual, was directed to place his hands on the wall for a pat frisk prior to being interviewed by a correction sergeant. Although petitioner complied, he became agitated after learning that the interview related to reports that the dogs he and other incarcerated individuals trained in the facility had been abused. Petitioner turned and stepped toward the correction sergeant with clenched fists, at which point the sergeant pepper sprayed him and ordered him to lie on the floor with his hands behind his back. He did so, and was later charged in a misbehavior report with violating several prison disciplinary rules. Following a tier III disciplinary hearing at which petitioner was represented by counsel, petitioner was found guilty of engaging in violent conduct, assaulting staff [FN1] and interfering with an employee. Upon administrative review, the determination was modified to the extent of dismissing the employee interference charge. This CPLR article 78 proceeding ensued.
First, although public records reflect that petitioner was released from custody during the pendency of this proceeding, it "is not moot because petitioner is entitled to have an institutional record free from improperly obtained findings of disciplinary rule violations" (Matter of Bornstorff v Bezio, 73 AD3d 1397, 1397 [3d Dept 2010] [internal quotation marks and citations omitted]; see Matter of Ryhal v Annucci, 208 AD3d 1397, 1398 [3d Dept 2022]). We therefore turn to the merits.
We confirm. Substantial evidence, in the form of the misbehavior report, the related documentation submitted for in camera review and the hearing testimony, supports the finding of guilt (see Matter of Santos v Annucci, 209 AD3d 1084, 1085 [3d Dept 2022]; Matter of Estrada v Annucci, 199 AD3d 1145, 1145-1146 [3d Dept 2021]). Petitioner's differing account of what occurred, including his assertion that he was pepper sprayed without provocation, presented a credibility issue for the Hearing Officer to resolve (see Matter of Coggins v Rodriguez, 236 AD3d 1285, 1286 [3d Dept 2025]; Matter of Estrada v Annucci, 199 AD3d at 1146).
Petitioner's procedural arguments are not persuasive. He first suggests that the denial of his Freedom of Information Law (see Public Officers Law art 6) request for unspecified documents prevented him from challenging errors in the determination, but we are precluded from considering that issue given his failure to provide a copy of the request or the denial thereof (see Matter of Jones v Fischer, 110 AD3d 1295, 1296 n [3d Dept 2013], appeal dismissed 23 NY3d 955 [2014]; Matter of Watson v New York State Dept. of Corr. & Community Supervision, 108 AD3d 817, [*2]818 n [3d Dept 2013], lv dismissed 22 NY3d 914 [2013], lv denied 23 NY3d 902 [2014]). The record that is before us reflects "that he was not denied the right to any relevant requested documentary evidence or witness testimony" (Matter of Pitts v Jordan, 230 AD3d 1457, 1459 [3d Dept 2024]; see Matter of Alsima v Bondarenka, 238 AD3d 1421, 1422 [3d Dept 2025]). In particular, the Hearing Officer properly read the preliminary unusual incident and use of force reports into the record (see Matter of Alsima v Bondarenka, 238 AD3d at 1422; Matter of Pitts v Jordan, 230 AD3d at 1459). The Hearing Officer also properly denied, as irrelevant, petitioner's request to call character witnesses (see Matter of Moise v Annucci, 168 AD3d 1337, 1338 [3d Dept 2019]; Matter of Bonds v Annucci, 166 AD3d 1250, 1251 [3d Dept 2018]). Further, nothing "in the record establishes that the Hearing Officer was biased or that the determination flowed from any alleged bias" (Matter of Moise v Annucci, 168 AD3d at 1339). To the limited extent that petitioner's remaining arguments are properly before us, they have been considered and rejected.
Clark, J.P., Ceresia, Fisher, McShan and Corcoran, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: The assault charge was brought under 7 NYCRR 270.2 (B) (1) (ii), which prohibits incarcerated individuals from assaulting or "attempt[ing] to inflict bodily harm upon any staff member." The conduct forming this charge was based upon an attempted assault.