*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 14, 2015                    519088
_____

In the Matter of GILBERT PILET,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  March 31, 2015

Before:  McCarthy, J.P., Rose, Lynch and Clark, JJ.

                    _____

        Gilbert Pilet, Ossining, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        A correction officer observed petitioner exchanging punches with another inmate in the mess hall and ordered him to stop engaging in such conduct.  Petitioner ignored the officer's directives, but was eventually subdued and placed in mechanical restraints.  Thereafter, he was charged in a misbehavior report with fighting, engaging in violent conduct, creating a disturbance and refusing a direct order.  Petitioner was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal with a modified penalty.  He then commenced this CPLR article 78

proceeding.[1]

We confirm.  Initially, we find no merit to petitioner's claim that he was improperly denied the right to call the physician who admitted him to the infirmary as a witness inasmuch as this individual was not present in the mess hall and did not have personal knowledge of the incident that provided the basis for the misbehavior report (see Matter of Rosales v Pratt, 98 AD3d 764, 765 [2012], lv denied 19 NY3d 816 [2012]; Matter of Tafari v Fischer, 94 AD3d 1324, 1325 [2012], lv denied 19 NY3d 807 [2012]).  In addition, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Harris v Piccolo, 122 AD3d 1044, 1045 [2014]; Matter of Garcia v Garner, 122 AD3d 988, 989 [2014]).  Furthermore, the transcript of the hearing belies petitioner's contention that the audiotape was altered in such a manner that most of the witness testimony is missing.  Although there are some inaudible gaps, they are not so significant as to preclude meaningful review (see Matter of Merritt v Fischer, 108 AD3d 993, 994-995 [2013]; Matter of Bookman v Fischer, 107 AD3d 1260, 1260 [2013]).  We have considered petitioner's remaining arguments and find them to be unpersuasive.

McCarthy, J.P., Rose, Lynch and Clark, JJ., concur.

---

[1]  Although the petition arguably raised the issue of substantial evidence and the proceeding was therefore properly transferred to this Court, petitioner has abandoned this issue by not raising it in his brief (see Matter of Rogers v Prack, 118 AD3d 1223, 1224 n [2014], lv granted 24 NY3d 916 [2015]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court