Matter of Chung v Annucci (2021 NY Slip Op 06129)





Matter of Chung v Annucci


2021 NY Slip Op 06129


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

533085
[*1]In the Matter of Sean Chung, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:October 8, 2021

Before:Egan Jr., J.P., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

Sean Chung, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
According to a misbehavior report charging petitioner with various disciplinary rule violations, petitioner and two other incarcerated individuals were observed aggressively chasing after another incarcerated individual with their fists clenched, looking to fight him. The misbehavior report further states that neither petitioner nor the other incarcerated individuals involved initially complied with direct orders to stop running and get on the ground. A tier III disciplinary proceeding ensued, at the conclusion of which petitioner was found guilty of engaging in violent conduct, disobeying a direct order and interfering with an employee.[FN1] Upon administrative appeal, that determination was modified to the extent of dismissing the charge of interfering with an employee, but was otherwise affirmed. This CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, the misbehavior report, supporting documentation, video evidence and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Lashway v Keyser, 178 AD3d 1224, 1224-1225 [2019]; Matter of Nelson v Annucci, 172 AD3d 1806, 1806 [2019]). To the extent that petitioner asserts that his behavior did not constitute violent conduct because no one was injured, we note that the rule against violent conduct specifically prohibits "conduct involving the threat of violence" and does not require actual injury (7 NYCRR 270.2 [B] [5] [ii]).
We are also unpersuaded by petitioner's contention that the misbehavior report, which clearly set forth the factual allegations and petitioner's specific involvement in the incident, was inadequate to inform him of the charges against him. Although the misbehavior report used incorrect departmental identification numbers for petitioner and two other incarcerated individuals involved in the incident, annulment is not warranted. The record reflects that the author of the misbehavior report, who observed the incident and those involved, testified that the discrepancy was a clerical error and, further, he was able to positively identify petitioner at the hearing as the subject of the misbehavior report. Furthermore, the misbehavior report identified the incarcerated individuals by name and their correct departmental identification numbers appeared on other supporting documentation. As such, any discrepancy regarding any departmental identification number in the misbehavior report amounts to a clerical error that was sufficiently explained at the hearing and, in any event, petitioner has not demonstrated any prejudice as a result of the minor error (see Matter of Ellison v Goord, 269 AD2d 639, 639 [2000]; Matter of [*2]Rivera v Goord, 248 AD2d 902, 902 [1998]). Petitioner's remaining contentions, including that he was denied the right to call witnesses and the Hearing Officer was biased, have been reviewed and found to be without merit.
Egan Jr., J.P., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioner was found not guilty of creating a disturbance and violating facility movement regulations.