Matter of Lundy v Annucci (2022 NY Slip Op 01496)





Matter of Lundy v Annucci


2022 NY Slip Op 01496


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

533331
[*1]In the Matter of Quincy Lundy, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 4, 2022

Before:Garry, P.J., Lynch, Clark, Colangelo and McShan, JJ.

Quincy Lundy, Pine City, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During breakfast in the mess hall, a correction officer observed petitioner, with an object in his right hand, walk across the mess hall towards another incarcerated individual, whereupon he made slashing motions to that individual's neck and back and then exchanged closed-fist punches with the individual and two other incarcerated individuals. After several direct orders to stop fighting were ignored, force was used to quell the altercation. A weapon measuring 6½ by 1½ inches was subsequently recovered in the area. As a result of the incident, petitioner was charged in a misbehavior report with assaulting an incarcerated individual, fighting, engaging in violent conduct, creating a disturbance, refusing a direct order, violating facility movement procedures, possessing a weapon, being out of place and violating facility mess hall procedures. Following a tier III disciplinary hearing, petitioner was found not guilty of refusing a direct order, being out of place and violating facility movement procedures, and guilty of the remaining charges. Upon administrative appeal, the determination was affirmed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony, documentary evidence submitted for in camera review and video footage of the fight provide substantial evidence to support the determination (see Matter of Barzee v Venettozzi, 173 AD3d 1580, 1580 [2019]; Matter of Townsend v Noeth, 170 AD3d 1353, 1353 [2019]; Matter of Pilet v Annucci, 128 AD3d 1198, 1198-1199 [2015]). The differing testimony of petitioner and his witnesses presented credibility issues for the Hearing Officer to resolve (see Matter of Barzee v Venettozzi, 173 AD3d at 1581; Matter of King v Annucci, 155 AD3d 1145, 1145 [2017]).
Contrary to petitioner's contention, he was not improperly denied any relevant documentary evidence. The preliminary unusual incident report was read into the record, and petitioner was shown photographs and the video of the incident and given a copy of a to/from memorandum that he requested. Given that he was found not guilty of the charge of being out of place, the chow list and call-out sheet requested by petitioner were not relevant or relied upon in the disposition, and he was therefore not prejudiced by the denial of these requests (see Matter of Jones v Fischer, 139 AD3d 1219, 1220 [2016]; Matter of Hardy v Smith, 87 AD3d 779, 780 [2011]). Petitioner claims that the hearing was not completed in a timely manner because an extension was allegedly not obtained until after the hearing was to be completed; however, petitioner has demonstrated no substantive prejudice in the minimal delay of a couple of days (see Matter of Partak v Venettozzi, 175 AD3d 1633, 1635 [2019[*2]]; Matter of Moise v Annucci, 168 AD3d 1337, 1338 [2019]; Matter of Borges v McGinnis, 307 AD2d 489, 490 [2003], lv denied 100 NY2d 514 [2003]). Finally, the record does not demonstrate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see e.g. Matter of Pilet v Annucci, 128 AD3d at 1199). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be lacking in merit.
Garry, P.J., Lynch, Clark, Colangelo and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.