Matter of Rivera v Venettozzi (2022 NY Slip Op 05253)

Matter of Rivera v Venettozzi

2022 NY Slip Op 05253

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

534650
[*1]In the Matter of Manuel Rivera, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:September 2, 2022

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and McShan, JJ.

Manuel Rivera, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with assaulting staff, forcible touching, making threats, refusing a direct order and harassment. According to the report, petitioner was being pat frisked and was ordered by the correction officer to put his hands up and into his body when he reached back and grabbed the officer's breasts. The officer then pushed petitioner's hands away from her before placing him back in his cell. As the officer was walking away from the cell, petitioner threatened to kill the officer and used other abusive and insolent language toward her. Following a tier III disciplinary hearing, petitioner was found guilty as charged. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report, hearing testimony and video evidence provide substantial evidence to support the determination of guilt (see Matter of Lundy v Annucci, 203 AD3d 1364, 1365 [3d Dept 2022]; Matter of Chung v Annucci, 199 AD3d 1147, 1148 [3d Dept 2021]). Petitioner's testimony that the contact with the officer was unintended and incidental presented a credibility issue for the Hearing Officer to resolve (see Matter of Dunbar v Annucci, 173 AD3d 1598, 1599 [3d Dept 2019]; Matter of Robinson v Lee, 155 AD3d 1169, 1170 [3d Dept 2017]). Petitioner's assertion that he was improperly denied a witness is unpreserved for our review as this issue is admittedly raised for the first time before this Court (see Matter of Wilson v Venettozzi, 160 AD3d 1307, 1308 [3d Dept 2018]; Matter of Bonnemere v Annucci, 153 AD3d 983, 984 [3d Dept 2017]).[FN1]
Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Although petitioner requests that this Court reach this issue in the interest of justice, "there is no discretionary authority or interest of justice jurisdiction in proceedings to review administrative determinations pursuant to CPLR article 78" (Matter of Barnes v Venettozzi, 135 AD3d 1250, 1251 [3d Dept 2016] [internal quotation marks and citation omitted]; see Matter of Russo v Annucci, 130 AD3d 1124, 1124 [3d Dept 2015]).