Matter of Jackson v Annucci (2022 NY Slip Op 05572)

Matter of Jackson v Annucci

2022 NY Slip Op 05572

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

534355
[*1]In the Matter of Thomas Jackson, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:September 2, 2022

Before:Lynch, J.P., Clark, Aarons, Pritzker and McShan, JJ.

Thomas Jackson, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with, as relevant here, refusing a direct order, engaging in violent conduct, interfering with an employee, making threats, leading a demonstration, harassing an employee, creating a disturbance and violating frisk procedures.[FN1] The charges stem from a series of incidents that began when petitioner was being escorted from the prison yard to his cell block and evaluated by mental health staff; he was then removed to the special housing unit and thereafter admitted for mental health observation. During the incidents, petitioner refused multiple direct orders, struggled violently with staff, was uncooperative, aggressive and argumentative, triggered the forcible cell extraction process and caused correction officers to employ a forcible strip and frisk process. Following a tier III prison disciplinary hearing, petitioner was found guilty of the foregoing charges and a penalty was imposed. The determination was upheld on administrative appeal, and the penalty was later reduced on discretionary review. This CPLR article 78 proceeding ensued.
The misbehavior report, testimony of two correction officers, the unusual incident reports, the video recordings and the documentary evidence provide substantial evidence to support the finding of guilt with respect to five of the eight charges (see Matter of Chung v Annucci, 199 AD3d 1147, 1148 [3d Dept 2021]). The testimony, reports and other evidence established that petitioner refused multiple direct orders at several stages of the incidents, including when he refused to put his hands through the cell bars in the special housing unit for mechanical restraints to be applied so he could be escorted for medical evaluation and when he refused an order to exit the cell. The evidence further supports the finding that petitioner refused orders to comply with strip frisk procedures when directed to face the wall and struggled violently when staff attempted to conduct an approved forcible search, thereby interfering with the employees' performance of their duties. Petitioner's claim that officers assaulted him presented a credibility issue for the Hearing Officer to resolve (see Matter of Estrada v Annucci, 199 AD3d 1145, 1146 [3d Dept 2021]).
However, as respondent concedes, and our review of the record confirms, the record lacks substantial evidence to support the findings that petitioner led a demonstration, created a disturbance or made threats. To that end, the record does not establish that petitioner's conduct was detrimental to the order of the facility or that he encouraged others to engage in such conduct, so as to support the charge of participating in or leading a demonstration, a conclusion consistent [*2]with the dismissal of the rioting charge at the close of the hearing (see 7 NYCRR 270.2 [B] [5] [iii] [rule 104.12]). Similarly, the record fails to establish that petitioner's conduct — which occurred outside the company of any other incarcerated individuals — triggered any response from other incarcerated individuals such that it "disturb[ed] the order of any part of the facility" (7 NYCRR 270.2 [B] [5] [iv] [rule 104.13]; see Matter of Ramos v Annucci, ___ AD3d ___, ___, 2022 NY Slip Op 05255, *1 [3d Dept 2022]; Matter of Hogan v Thompson, 204 AD3d 1201, 1202 [3d Dept 2022]; compare Matter of Beltre v Rodriguez, 185 AD3d 1370, 1370 [3d Dept 2020]). The record was also devoid of evidence that petitioner made any threats (see 7 NYCRR 270.2 [B] [3] [i] [rule 102.10]). Because the penalty imposed has been served and did not include a recommended loss of good time credit, remittal for reconsideration of the penalty is not required (see Matter of Diaz v Annucci, 195 AD3d 1297, 1297 [3d Dept 2021]; Matter of Wright v Annucci, 190 AD3d 1249, 1249 [3d Dept 2021]).
Petitioner contends that he was denied adequate employee assistance because copies of video recordings and body camera footage were not requested. However, the record reflects that the Hearing Officer reviewed the materials and documentation requested and received by petitioner, including the video recordings, and obtained all available recordings, which were viewed at the hearing. With regard to the body camera footage, the Hearing Officer explained that, in response to the requests, she was informed that no body camera footage existed; regardless, such footage would have related to the charges we are annulling. As to the video of the strip frisk, the Hearing Officer reviewed the obtained footage and ascertained, after multiple inquiries, that no other footage existed, and the record does not establish that any footage was lost due to certain delays in the request. Thus, petitioner did not establish that he was denied any footage (see Matter of Malloy v Rodriguez, 200 AD3d 1382, 1383 [3d Dept 2021]; Matter of Caraway v Annucci, 190 AD3d 1198, 1199 [3d Dept 2021]). Accordingly, although petitioner was assigned three different assistants and there were delays in obtaining the recordings that did exist, no prejudice was shown as the Hearing Officer remedied any deficiencies (see Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 [3d Dept 2019]; Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [3d Dept 2016], lv denied 28 NY3d 902 [2016]). Petitioner's remaining claims lack merit.
Lynch, J.P., Clark, Aarons, Pritzker and McShan, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of leading a demonstration, creating a disturbance and making threats; petition granted to that extent and respondent is directed to expunge all references to those charges from petitioner's institutional record; and, as so modified, confirmed[*3].

Footnotes

Footnote 1: A charge of rioting was dismissed at the conclusion of the prison disciplinary hearing.