Matter of Miller v Rodriguez (2023 NY Slip Op 02045)

Matter of Miller v Rodriguez

2023 NY Slip Op 02045

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

535298
[*1]In the Matter of Scott Miller, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:March 24, 2023

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ. 

Scott Miller, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, assaulting staff, fighting and refusing a direct order. According to the misbehavior report, petitioner was observed exchanging closed fist punches with another incarcerated individual and refused several direct orders to stop fighting. Petitioner then kicked a correction officer who was attempting to break up the fight, after which facility staff took control of petitioner. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.
We confirm. Initially, because petitioner pleaded guilty to the charges of creating a disturbance, fighting and refusing a direct order, he is precluded from challenging the evidentiary basis for those charges (see Matter of Medina v New York State Dept. of Corr. & Community Supervision, 205 AD3d 1192, 1193 [3d Dept 2022]). As to the remaining charges, the misbehavior report, related documentation and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Legette v Rodriguez, 213 AD3d 1066, 1067 [3d Dept 2023]; Matter of Peoples v Bezio, 94 AD3d 1299, 1300 [3d Dept 2012]). Inasmuch as intent is not an element of the charged misconduct involving an assault on a staff member, petitioner's claim of a lack of evidence that he intended to assault the correction officer is without merit (see 7 NYCRR 270.2 [B] [1] [ii]; Matter of Jackson v Annucci, 144 AD3d 1285, 1285 [3d Dept 2016], lv denied 29 NY3d 907 [2017]; see Matter of Canzater-Smith v Selsky, 28 AD3d 899, 900 [3d Dept 2006]).
We reject petitioner's procedural claim that he was denied the right to present evidence because he was not provided with any videos of the incident described in the misbehavior report. The record reflects that petitioner's request for the videos was submitted, and the Hearing Officer was advised by facility staff that the requested videos did not exist (see Matter of Barnes v Venettozzi, 207 AD3d 969, 970-971 [3d Dept 2022]; Matter of Mullins v Annucci, 177 AD3d 1061, 1061 [3d Dept 2019]). We have reviewed petitioner's remaining contentions and, to the extent that his claims are properly before us, they have been found to be without merit.
Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.