Matter of Alsina v Venettozzi (2023 NY Slip Op 03527)

Matter of Alsina v Venettozzi

2023 NY Slip Op 03527

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

535625 
[*1]In the Matter of Francisco Alsina, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:May 26, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ. 

Francisco Alsina, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report, as relevant here, with refusing a direct order, interference with an employee, being out of place and engaging in violent conduct. The charges stemmed from an incident in which petitioner, upon being escorted from the visiting area of the facility to the strip frisk area, refused to comply with strip frisk procedures and fled the visiting area to the cage floor, requiring the use of force to restrain him. Following a tier III disciplinary hearing, petitioner was found guilty of those charges.[FN1] Such determination and the imposed penalty were affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. Substantial evidence, consisting of the misbehavior report, detailed unusual incident report, use of force report and the testimony of the correction officer who authored the misbehavior report, supports the determination of guilt (see Matter of Jackson v Annucci, 209 AD3d 1086, 1087 [3d Dept 2022]). Specifically, the testimony and documents established that petitioner interfered with an employee's efforts to conduct a strip frisk by leaving the frisk area, thereby being out of place and, when officers attempted to stop petitioner, he became aggressive and remained combative until restrained. Although respondent initially noted that the refusing a direct order determination is not supported by substantial evidence, we cannot agree, as the unusual incident report documented that correctional staff issued orders for petitioner to stop as he fled the strip frisk area, with which he failed to comply (see id.). Although petitioner offered a contrary account, this created a credibility issue that the Hearing Officer was entitled to resolve against him (see id.; see also Matter of Hickson v Annucci, 214 AD3d 1290, 1291 [3d Dept 2023]).
We reject petitioner's claim that he was improperly denied video recordings of the visitation area. The Hearing Officer properly denied this request given that he was not charged with violating any rules in connection with his conduct in the visitation area and, as such, the video was irrelevant to these charges (see Matter of Mullins v Annucci, 177 AD3d 1061, 1061 [3d Dept 2019]; Matter of Matthews v Annucci, 175 AD3d 1713, 1714 [3d Dept 2019]; Matter of Jones v Annucci, 166 AD3d 1174, 1175-1176 [3d Dept 2018]). Petitioner's remaining contention regarding other videos was not raised at the hearing or on his administrative appeal and is, thus, unpreserved for our review (see Matter of Ortiz v Annucci, 214 AD3d 1271, 1272 [3d Dept 2023]; Matter of Estrada v Annucci, 199 AD3d 1145, 1146 [3d Dept 2021]).
Garry, P.J., Egan Jr., Pritzker[*2], Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner was found not guilty of two additional charges and a third charge was dismissed prior to the disciplinary hearing.