Matter of Woods v Annucci (2023 NY Slip Op 06300)

Matter of Woods v Annucci

2023 NY Slip Op 06300

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

CV-23-0129
[*1]In the Matter of Lee Woods, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:November 9, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Mackey, JJ.

Sidley Austin LLP, New York City (Tyler J. Domino of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, assaulting another incarcerated individual, fighting, possessing a weapon, interfering with an employee and refusing a direct order. According to the misbehavior report, petitioner was observed exchanging closed fist punches with another incarcerated individual and refused several direct orders to stop fighting. During the altercation, petitioner was observed retrieving a weapon from his pants pocket and then making stabbing-type motions to the head and torso of the other incarcerated individual. Upon application of a chemical agent, petitioner and the other incarcerated individual stopped fighting, and a piece of wood, which was sharpened to a point and measured 8¾ by ½ inches, was subsequently recovered and photographed. Following a tier III prison disciplinary hearing, petitioner was found guilty of the charges. Upon administrative appeal, the determination was modified to dismiss the charges of creating a disturbance and interfering with an employee with no change to the penalty imposed. This CPLR article 78 proceeding ensued.
We affirm. The misbehavior report, hearing testimony, related documentary evidence and video footage of the fight provide substantial evidence to support the determination (see Matter of Chan v Annucci, 219 AD3d 1624, 1625 [3d Dept 2023]; Matter of Lundy v Annucci, 203 AD3d 1364, 1365 [3d Dept 2022]; Matter of Spencer v Annucci, 179 AD3d 1372, 1373 [3d Dept 2020]). Petitioner's testimonial narrative of the incident, including his contentions that he acted in self-defense and used a different weapon than the one that was recovered, "presented credibility questions for the Hearing Officer to resolve, aided by the video recording" (Matter of Redmon v Smith, 141 AD3d 1071, 1071 [3d Dept 2016]; see Matter of Lundy v Annucci, 203 AD3d at 1365).
Petitioner also argues that he was denied effective employee assistance because his assistant only interviewed three of the 21 individuals housed in his cell block. "In order to prevail upon such a claim, petitioner must show that he was prejudiced by his assistant's alleged inadequacies" (Matter of Nance v Annucci, 147 AD3d 1180, 1181 [3d Dept 2017] [citations omitted]). In light of petitioner's admissions at the hearing and the video recording of the incident showing petitioner's involvement in the fight, petitioner failed to demonstrate how the alleged deficiencies prejudiced him in any way (see Matter of Tirado v Goord, 50 AD3d 1332, 1333 [3d Dept 2008]; Matter of McCorkle v Coughlin, 194 AD2d 1034, 1036 [3d Dept 1993]). In the same regard, "[w]e reject petitioner's contention that he was improperly denied the right to call certain witnesses, as [*2]petitioner failed to demonstrate how his requested witnesses would have provided relevant or nonredundant testimony regarding the determination of guilt" (Matter of Spencer v Annucci, 179 AD3d at 1373). We have considered petitioner's remaining procedural claims, and, to the extent that they are preserved for our review, find that they are without merit.
Garry, P.J., Aarons, Pritzker, Ceresia and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.