Matter of Estremera v Fraser (2024 NY Slip Op 01228)

Matter of Estremera v Fraser

2024 NY Slip Op 01228

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

CV-23-0202
[*1]In the Matter of Roberto Estremera, Petitioner,
v
Colin Fraser, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:February 9, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Roberto Estremera, Bronx, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with possession of a weapon, smuggling and unauthorized exchange. According to the report, a correction officer responded to a fight between two incarcerated individuals and observed one of them place a "razor type" weapon on petitioner's cell gate. The correction officer then observed petitioner grab the weapon and flush it down his toilet. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and, upon administrative appeal, the determination was affirmed. This CPLR article 78 proceeding ensued.
Initially, as respondent concedes, and our review of the record confirms, that part of the determination finding petitioner guilty of an unauthorized exchange is not supported by substantial evidence and must be annulled. As the penalty has been served and no loss of good time was imposed, the matter does not need to be remitted for a redetermination of the penalty imposed on the remaining charges (see Matter of Jackson v Annucci, 209 AD3d 1086, 1088 [3d Dept 2022]). Turning to the remaining charges, we agree that the misbehavior report, hearing testimony, unusual incident report, to/from letter, video footage and other documentary evidence provide substantial evidence to support the determination of guilt, notwithstanding the fact that the weapon was not recovered (see Matter of Lundy v Annucci, 203 AD3d 1364, 1365 [3d Dept 2022]; see also Matter of Dancy v Annucci, 219 AD3d 1031, 1031 [3d Dept 2023]). Specifically, the testimony and documents established that one of the incarcerated individuals engaged in the fight was making slashing motions and exchanging closed fist punches with another incarcerated individual, who sustained injuries to his head that were consistent with being struck by a cutting weapon. The evidence further indicated that other responding correction officers observed the individual place a razor-type weapon on petitioner's cell gate. These points were consistent with the video footage, which was recorded from two angles in the hallway where the fight took place and was played at the hearing. Although petitioner contends that he was typing an email to his wife when the incident occurred, that someone put a tissue on his cell gate and he threw it out in his garbage pail, and then he "sat back down on his bed to finish the email," the video footage refutes these points, revealing that petitioner was partially visible standing inside his cell by the door immediately before and during the incident. Notably, the video footage also shows that petitioner almost instantly grabbed the object that was placed on his cell gate and disappeared into his [*2]cell. This differing testimony of petitioner and the witnesses presented credibility issues for the Hearing Officer to resolve (see Matter of Alsina v Venettozzi, 217 AD3d 1303, 1304 [3d Dept 2023]; Matter of Knight v Rodriguez, 217 AD3d 1300, 1301 [3d Dept 2023]).
Relating to petitioner's procedural objections, the record reflects that the Hearing Officer rectified any alleged deficiencies in the prehearing employee assistance that petitioner received by adjourning the hearing and ensuring that he received all of the requested documents to which he was entitled (see Matter of Kelly v Mayes, 210 AD3d 1168, 1170 [3d Dept 2022]). When further considering the evidence proffered at the hearing, including the video recording of the incident and petitioner's involvement, "petitioner failed to demonstrate how the alleged deficiencies prejudiced him in any way" (Matter of Woods v Annucci, 222 AD3d 1098, 1099 [3d Dept 2023]; see Matter of Amaker v Selsky, 43 AD3d 547, 548 [3d Dept 2007], lv denied 9 NY3d 814 [2007]). Moreover, although we disagree with the Hearing Officer that the testimony of the nurse who examined and treated the incarcerated individual's wounds would have been irrelevant,[FN1] in that such testimony may have supported petitioner's contentions that the lacerations sustained by the other individual were not caused by a cutting-type weapon because none was used in the fight and, therefore, he could not have been guilty of possessing, smuggling or exchanging a nonexistent weapon, such testimony would have been nonetheless cumulative and redundant to the other contrary evidence presented at the hearing (see Matter of Douglas v Annucci, 199 AD3d 1108, 1110 [3d Dept 2021]; Matter of Possert v Fischer, 106 AD3d 1350, 1351 [3d Dept 2013]; Matter of Thorpe v Fischer, 67 AD3d 1101, 1102 [3d Dept 2009]). Petitioner's remaining arguments, to the extent that they are preserved for our review and are not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of unauthorized exchange; petition granted to that extent and the Acting Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

Footnotes

Footnote 1: Such finding was premised on the grounds argued by respondent herein, namely that petitioner was not charged with assaulting another incarcerated individual and, therefore, any testimony as to the injuries sustained by the individual were irrelevant. However, this argument neglects the gravamen of petitioner's contentions that he disposed of a tissue or piece of paper, and not a weapon.