Matter of Keitt v Annucci (2024 NY Slip Op 05382)

Matter of Keitt v Annucci

2024 NY Slip Op 05382

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

CV-23-1935
[*1]In the Matter of Devin Keitt, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 4, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Devin Keitt, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Columbia County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with attempting to assault staff, engaging in violent conduct, creating a disturbance and refusing direct orders. According to the misbehavior report, while petitioner was being pat frisked, he became agitated and argumentative with staff, prompting staff to order him to pick up his belongings and return to his cell. Petitioner instead turned toward a correction officer and attempted to punch that officer with a closed right fist. Another correction officer then used a body hold to force petitioner to the ground, but petitioner attempted to kick staff members responding to the incident and refused multiple direct orders to stop resisting, which resulted in the use of force to restrain petitioner. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report and related documentation, together with the hearing testimony, provide substantial evidence to support the determination of guilt (see Matter of Miller v Rodriguez, 215 AD3d 1156, 1157 [3d Dept 2023]; Matter of Jackson v Annucci, 209 AD3d 1086, 1087 [3d Dept 2022]). "Petitioner's contention that the misbehavior report[ ] [was] fabricated and written in retaliation for prior grievances that he allegedly filed presented a credibility issue for the Hearing Officer to resolve" (Matter of Kennedy v Annucci, 185 AD3d 1371, 1371-1372 [3d Dept 2020] [citations omitted]).
Turning to petitioner's procedural contentions, we find that petitioner was not impermissibly denied his right to call witnesses on his behalf. Petitioner requested the Deputy Superintendent of Programs as a witness to provide testimony on certain requests that petitioner had made for accommodations. The Hearing Officer's denial of petitioner's request for this witness was not improper because the requested witness would have provided testimony that was irrelevant to the determination of guilt (see Matter of Cruz v Annucci, 152 AD3d 1100, 1102 [3d Dept 2017]). We are also unpersuaded by petitioner's contention that the Hearing Officer should have recused himself, as the record reflects that he — as a watch commander at the time of the incident responsible for collecting paperwork prepared by other staff involved in the incident — did not witness, participate in or investigate the subject incident (see 7 NYCRR 254.1; Matter of Pierre v Annucci, 219 AD3d 990, 991 [3d Dept 2023]). Moreover, "contrary to petitioner's claim that the Hearing Officer was biased, the record reflects that the hearing was conducted in a fair, deliberative and impartial manner, and we find that the determination [*2]of guilt flowed from the substantial evidence adduced at the hearing rather than from any alleged bias" (Matter of Haigler v Lilley, 182 AD3d 888, 889 [3d Dept 2020]). To the extent that petitioner's remaining contentions are properly before us, we have reviewed them and find them to be without merit.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.