Matter of Salley v McGuinness (2025 NY Slip Op 00360)

Matter of Salley v McGuinness

2025 NY Slip Op 00360

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

CV-24-0593
[*1]In the Matter of Sean Salley, Petitioner,
v
Thomas McGuinness, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.

Calendar Date:January 3, 2025

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Sean Salley, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
Petitioner, an incarcerated individual, was charged in a misbehavior report with, among other things, refusing a direct order following a disturbance in the prison courtyard. According to the misbehavior report and later testimony of its author, the correction officer who investigated the incident, petitioner was in the recreation area and then walking around the courtyard following the disturbance and was given multiple orders by correction officers to lock in but did not comply for "two to three minutes." At the ensuing prison disciplinary hearing, video recordings were played depicting from multiple angles petitioner's noncompliance with audible orders to lock in given by an officer in the courtyard and over the public announcement system. The investigating correction officer identified petitioner as the individual depicted in the recordings who entered the courtyard area after the disturbance and continued to walk around after several direct orders to lock in were given. The time recorded on the videos reflects that petitioner waited several minutes to comply, and did so only after a supervisor appeared, secured the area and again ordered him to lock in, as the supervisor and investigating officer testified. Petitioner was found guilty of refusing a direct order,[FN1] and that determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The video recordings, misbehavior report and testimony of its author and the supervisor provide substantial evidence to support the determination of guilt that petitioner failed to comply with repeated direct orders to lock in (see Matter of Estremera v Fraser, 225 AD3d 1019, 1020 [3d Dept 2024]; Matter of Woods v Annucci, 222 AD3d 1098, 1099 [3d Dept 2023]). Although petitioner offered an account implying that he had attempted to comply, albeit not immediately, the video reflects otherwise and he admitted that he heard the directives and that he did not return to his cell until after the supervisor issued an in-person order to him.
Petitioner's contention, relying on Correction Law § 138 (7), that he was not required to obey the direct orders until after prison officials, namely the supervisor, made efforts at de-escalation is unavailing. That provision contains a recent legislative policy choice, enacted in combination with restrictions on segregated confinement,[FN2] that "[d]e-escalation," among other non-disciplinary interventions, is among the "the preferred methods of responding to misbehavior" except where non-disciplinary interventions have failed or in certain outlined circumstances (Correction Law § 138 [7], as added by L 2021, ch 93, § 6, eff. Mar. 31, 2022; see Correction Law § 137 [6][*2][k] [ii], as added by L 2021, ch 93, § 5, eff. Mar. 31, 2022). That preference, however, does not entitle incarcerated individuals — here, in the midst of a disturbance — to disregard direct orders, whether announced over a public address system or provided in-person by correction officials; nor does it require in-person advance warnings that disciplinary action will result if noncompliance with direct orders continues. Petitioner was required to obey a direct order even if he believed it to be unauthorized (see Matter of Wilson v Annucci, 205 AD3d 1163, 1165 [3d Dept 2022]). Petitioner's remaining claims are either without merit or unpreserved, as they were not raised during the administrative proceedings.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner was charged with but found not guilty of violating movement regulations.

Footnote 2: Petitioner's administrative penalty did not include segregated confinement.