Matter of Shaw v Martuscello (2025 NY Slip Op 06373)

Matter of Shaw v Martuscello

2025 NY Slip Op 06373

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-24-1138
[*1]In the Matter of Robert Shaw, Petitioner,
v
Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 3, 2025

Before:Garry, P.J., Reynolds Fitzgerald, Lynch, McShan and Mackey, JJ.

Prisoners' Legal Services of New York, Yonkers (Guy E. Owen of counsel), for petitioner.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with making threats, destroying state property and various other disciplinary violations. According to the misbehavior report, petitioner was in an isolation room and was observed banging on the door. After removing petitioner and conducting a search of the room, facility staff noticed a phrase etched into the cell door window that threatened a mass shooting in the facility parking lot during a shift change. They also recovered two pieces of metal staples on a shelf in the room, which were determined to be consistent with the etch marks. Following a tier III disciplinary hearing, petitioner was found guilty of making threats and destroying state property but not guilty of the remaining charges. The penalties imposed included 120 days in segregated confinement. That determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.
Contrary to petitioner's contention, the misbehavior report, related documentation and video evidence capturing petitioner moving his hands in a manner consistent with etching the window, together with the testimony at the hearing, provide substantial evidence to support the determination of guilt (see Matter of Maynard v Bondarenka, 240 AD3d 1117, 1118 [3d Dept 2025]; Matter of Rivera v Venettozzi, 208 AD3d 1529, 1530 [3d Dept 2022]). Petitioner's assertion that the threatening phrase was already on the window when he was placed in the room, and that it went unnoticed by the facility staff, created a credibility issue for the Hearing Officer to resolve (see Matter of Alsima v Bondarenka, 238 AD3d 1421, 1422 [3d Dept 2025]; Matter of Coggins v Rodriguez, 236 AD3d 1285, 1286 [3d Dept 2025]). Petitioner's remaining challenges to the Hearing Officer's findings of guilt, to the extent they are preserved, have been considered and determined to be without merit.
Turning to petitioner's challenge to the imposed penalty of 120 days in segregated confinement, respondent correctly concedes that the Hearing Officer failed to make the findings necessary under Correction Law § 137 (6) (k) (ii) to impose segregated confinement for more than three consecutive days. "[A]s enduring consequences potentially flow from [this penalty] remaining on petitioner's institutional record," the penalty must be annulled and the matter remitted to respondent for the imposition of an appropriate penalty (Matter of Walker v Commissioner, N.Y. State Dept. of Corr. & Community Supervision, 241 AD3d 1, 5 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]).
Garry, P.J., Reynolds Fitzgerald, Lynch, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is modified, on the law, without costs[*2], by annulling so much thereof as imposed a penalty of a period of segregated confinement; petition granted to that extent, and matter remitted to respondent for an administrative redetermination of the penalty imposed; and, as so modified, confirmed.